WANDERSEE, Respondent, vs. INDUSTRIAL COMMISSION OF WISCONSIN and others, Appellants.

*February 6—March 5, 1929.*

For the appellants there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, attorneys for the Industrial Commission, and *Quarles, Spence & Quarles,* attorneys, and *Arthur B. Doe* and *Kenneth P. Grubb,* of counsel, all of Milwaukee, for Sam Moskewitz and Employers Mutual Liability Insurance Company, and oral argument by *Mr. Doe* and *Mr. Levitan.*

For the respondent there was a brief by *Thomson & Williams* of Minneapolis, attorneys, and *La Follette, Rogers & Roberts* and *B. A. Mjelde,* of counsel, all of Madison, and oral argument by *Mr. Mjelde* and *Mr. Glenn D. Roberts.*

A brief was also filed by *Richmond, Jackman, Wilkie & Toebaas* and *W. L. Jackman,* of counsel, all of Madison, as *amici curiæ.*

OWEN, J.   The defendant Sam Moskewitz is a resident of Chippewa Falls, Wisconsin, and an employer under the workmen's compensation act. Bernard F. Wandersee is, and at all of the times hereinafter mentioned was, a resident of Minneapolis, Minnesota. Some time in November, 1926, he entered into a contract with Moskewitz, at Chippewa Falls, to buy hides and furs for Moskewitz in Minne-

sota and part of South Dakota. He covered his territory with an automobile furnished by Moskewitz. On January 21, 1927, while driving between Janesville and Richmond, Minnesota, one of his feet was frozen. He made application to the Industrial Commission for compensation under the workmen's compensation act. The specific question here presented is whether our workmen's compensation act applies to service rendered in another state pursuant to a contract made in this state, no services being rendered in this state under and pursuant to such contract.

This question has been before the courts of various states, but their conclusions are so lacking in uniformity, and so frequently based upon statutory provisions, that we find little help from such precedents; and in view of the fact that our conclusion must rest upon a consideration of our own statute, a review of the authorities here would be a work of supererogation, which we shall not attempt.

Our compensation act applies to employers and employees. They are both defined in the act. It is conceded that the employer here is under the act. It is plain that the applicant never was an employee within the meaning of the act and that he never was under the act. As applicable to his situation, sec. 102.07 (4), Stats., defines an employee as "Every person in the service of another under any contract of hire, express or implied, oral or written." The purpose of this act was to regulate the relation of employer and employee in the state of Wisconsin. Therefore, to constitute a person an employee under the provisions of the act such person must render service for another in the state of Wisconsin under a contract of hire, express or implied, oral or written. Until he performs service for another in the state of Wisconsin he is not an employee. The terms of the act do not affect him and he is not bound by it. As soon as he performs service for another in the state of Wisconsin under a contract of hire, then the act enters into and becomes a part of the contract, "not as a covenant thereof, but to the

extent that the law of the land is a part of every contract" (*Anderson v. Miller Scrap Iron Co.* 169 Wis. 106, 170 N. W. 275, 171 N. W. 935), and he is entitled to compensation under the act for injuries sustained while rendering service under the contract, whether it be within or without the state. *Anderson v. Miller Scrap Iron Co., supra; Zurich Gen. Acc. & L. Ins. Co. v. Industrial Comm.* 193 Wis. 32, 213 N. W. 630. In this case the applicant performed no service for his employer in the state of Wisconsin. He therefore never became subject to the provisions of the act and that act never became a part of his contract of employment. It follows that his application for compensation was properly dismissed by the Industrial Commission.

*By the Court.*—Judgment reversed, and cause remanded with directions to affirm the order of the Industrial Commission.

STEVENS, J. (*dissenting*). It seems plain that appellant performed service for his employer when, after he had made his contract in Chippewa Falls, he there took charge of his employer's car, which he was to use while performing service, and drove it to the state of Minnesota. Had he sustained the injury here in question while driving this car in Wisconsin, he would have been entitled to compensation. If that is the situation, then the mere fact that he had crossed the state line before sustaining the injury does not deprive him of compensation under the rule established by the decision of the court in this case. If the court takes the view that it is not established that applicant entered upon his employment when he took charge of and drove his employer's car through Wisconsin, then, in order to ascertain the truth and to do justice between the parties, it seems to me that the case ought to be remanded to the Industrial Commission with directions to litigate and determine that question.