No. 12,428.

A. M. PLATT, INC. ET AL. *v.* REYNOLDS ET AL.

Decided October 28, 1929.

Messrs. BARTELS & BLOOD, Mr. ARTHUR H. LAWS, for plaintiffs in error.

Mr. ROBERT E. WINBOURN, Attorney General, Mr. ARTHUR L. OLSON, Assistant, for defendants in error.

*En Banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

THIS is a workmen's compensation case. The first named plaintiff in error is hereafter referred to as "Platt," and the other as "the Casualty Company;" the first named defendant in error as "Mrs. Reynolds," the other as "the Commission," and Mrs. Reynold's deceased husband as "Reynolds."

Platt was engaged in the automobile business in Denver, Colorado, and carried its liabilities, under the act in question, with the Casualty Company. In July, 1928, Platt, by contract entered into in Colorado, employed Reynolds to promote its wholesale automobile business in and about Chadron, Nebraska. November 2, following, Reynolds, having been out on that work, was returning to his home in Chadron. Some three miles distant therefrom he stopped on the highway to change a tire. While so employed he was struck by a car, driven by one Kortz, and received injuries from which he shortly thereafter died. Mrs. Reynolds, for herself and two minor children, filed her claim with the Commission under our Workmen's Compensation Act and had it allowed in full by the referee. On petition of Platt and the Casualty Company for review the Commission deducted therefrom a portion of an amount which Mrs. Reynolds had recovered from Kortz. Thereupon these plaintiffs in error took the cause to the district court, which sustained the award of the Commission. To review the judgment entered accordingly this writ is prosecuted.

■ Platt and the Casualty Company here present three principal contentions, the first of which is that the court erred in holding that Reynolds, at the time of his death, was an "employee" within the statute. They base this contention on the admitted fact that he resided, was employed, and was injured in another jurisdiction. The only light we get from the statute itself on the status of deceased as an employee of Platt thereunder is this definition: "The term 'employee' shall mean and include: * * * every person in the service of any * * * corporation * * * under any contract of hire * * * but not including" (certain enumerated exceptions not material here). §4383, C. L. 1921.

If that be accepted literally the application of the statute is world wide. It is self-evident that interpretation is necessary. If Reynolds, under the facts here admitted, be an employee within the terms of our Workmen's Compensation Act some of the practical problems arising in the administration of such statutes are suggested by: Foreign corporations of states having no such law, operating in Colorado; Colorado corporations operating in states whose laws are less favorable to the employee; Colorado corporations operating in states whose laws are more favorable to the employee; Colorado corporations operating in foreign countries; actions by different beneficiaries in different jurisdictions.

Counsel have called to our attention but two cases which they say touch this question, and we have found no others. The first is *State ex rel. McCarthy Bros. v. District Court* (decided in 1918), 141 Minn. 61, 169 N. W. 274, cited by defendants in error. It is clearly not in point. It might have been, under the facts, but the question now before us was apparently not raised there and certainly not decided. In that case deceased was drowned in attempting to return to his home on Sunday and the sole question before the court was whether he came to his death by an accident "arising out of and in

the course of his employment." The other case, cited by plaintiffs in error, is *Wandersee v. Moskewitz* (Wis., decided in 1929), 223 N. W. 837. It is clearly in point. Here the employer resided, and the contract was entered into, in Wisconsin, while the claimant resided, the service was performed, and the injury occurred in Minnesota. The Wisconsin act defined an employee as "every person in the service of another under any contract of hire." The Wisconsin court held: "It is plain that the applicant never was an employee within the meaning of the act, * * * The purpose of this act was to regulate the relation of employer and employee in the state of Wisconsin. Therefore, to constitute a person an employee under the provisions of the act, such person must render service for another in the state of Wisconsin."

This seems to us a logical interpretation of the term "employee," as used in both the Wisconsin and Colorado statutes, and we adopt it. It is scarcely reasonable to suppose that our legislature intended that this compensation act should apply to one employed by a Colorado mining corporation, under a contract entered into in Colorado, to work the company's mines in South Africa. Our Commission could exercise no jurisdiction over that employment or its conditions. Its protection could not reach that employee there, nor could our courts adjudicate his controversies.

Since Reynolds was not within the statute the other alleged errors require no consideration.

The judgment is reversed and the cause remanded to the district court with directions to reverse the action of the Commission and order it to dismiss the claim.

Mr. Justice Butler not participating.