## No. 12,867.

### Tripp v. Industrial Commission et al.

(4 P. [2d] 917)

Decided October 13, 1931. Rehearing denied November 9, 1931.

Mr. F. R. Olmstead, for plaintiff in error.

Mr. Clarence L. Ireland, Attorney General, Mr. Arthur L. Olson, Assistant, for defendants in error.

*En Banc.*

Mr. Justice Burke delivered the opinion of the court.

This case arose under the Workmen's Compensation Act. Plaintiff in error, Helen Tripp, is hereinafter referred to as plaintiff, her deceased husband, Phillip Emery Tripp, as Tripp, the Industrial Commission of Colorado as the commission and the Monolith Portland Midwest Company as the Cement Company. Tripp was killed in Kansas while in the employ of the Cement Company and plaintiff filed her claim with the commission. That body held it had no jurisdiction, which holding the district court affirmed. To review that judgment this writ is prosecuted.

The Cement Company is a Nevada corporation engaged in the manufacture and sale of Portland cement. Its general sales office for some twelve western states is located in Denver and its manufacturing plant at Laramie, Wyoming. Tripp, then a resident of Denver, was employed by the Denver office. His position, however, was that of salesman and his duties were discharged outside the state of Colorado. He was furnished a car to enable him to travel, and was paid a salary and expenses from the date of employment. However, since the position required training, he did not immediately enter upon the discharge of his duties, but received instruction for some two weeks at the Denver office and thereafter at the Laramie plant. Thereupon he was assigned to Kansas City, Missouri, and began his sales work. His headquarters were shifted from time to time and his territory enlarged. Until about one month prior to his death his family was located at the point from which he worked and he lived with them. His last shift was from Emporia, Kansas, to Tulsa, Oklahoma, at which time the family returned to Denver.

A referee held that the commission was without jurisdiction. At a rehearing ordered before him it is contended that, in violation of the commission's order, he

excluded certain testimony. Since the commission later approved the action of the referee we are concerned only with the award of the commission as affirmed by the court.

The facts are undisputed and the evidence, we think, amply supports the award and judgment, provided the commission and the court were right as to the law.

If, as held by the commission and the district court and maintained by the Attorney General, this case is governed by *Platt, Inc. v. Reynolds,* 86 Colo. 397, 282 Pac. 264, the judgment must be affirmed.

It is asserted that Tripp was a citizen and resident of Colorado, employed by a Colorado employer. This is an error. Tripp's citizenship is not disclosed by the record but, during all the time of his employment, he was a nonresident. True he was employed by a Colorado agent, but that agent's principal was a foreign corporation. With these corrections the law seems to us clear.

"The purpose of this act was to regulate the relation of employer and employee in the state of Wisconsin. Therefore, to constitute a person an employee under the provisions of the act such person must render service for another in the state of Wisconsin." *Wandersee v. Industrial Com.,* 198 Wis. 345, 347, 223 N. W. 837.

That interpretation we approved in the Platt case. There, as here, the contract was made in Colorado and the service was performed and the accident occurred outside the state. In each case the deceased resided, at least temporarily, outside the state. It is true Tripp received some instruction in Colorado, but he rendered his employer no service here. In the Platt case the employer was a Colorado corporation whereas in this it is a Nevada corporation. Hence the reasoning of that opinion is strengthened when applied to these facts, and we find no element which weakens that applicability.

The judgment is accordingly affirmed.