No. 13,156.

HOME INSURANCE COMPANY ET AL *v*. HEPP ET AL.
(15 P. [2d] 1082)

Decided October 31, 1932.

496

Mr. CHARLES W. O'DONNELL, Mr. CLARENCE L. IRELAND, Attorney General, Mr. ARTHUR L. OLSON, Assistant, for plaintiffs in error.

Mr. WILLIAM E. HUTTON, Mr. J. P. NORDLUND, for defendants in error.

*En Banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

THIS is an Industrial Commission case. Defendant in error, Margaret Mae Hepp, is the widow, and defendant in error, Margaret Elizabeth Hepp, the minor daughter, of Edgar Hepp, deceased. They are hereinafter referred to as plaintiffs, and deceased as Hepp. The latter was an employee of plaintiff in error, the Home Insurance Company, hereinafter referred to as the insurance company. Plaintiff in error, the Globe Indemnity Company, was the insurance carrier. It is hereinafter referred to as the indemnity company, and plaintiff in error, the Industrial Commission of Colorado, as the commission.

The sole question presented by this record is whether Hepp, at the time of his death, was an employee of the insurance company, within the meaning of that term as used in our Workmen's Compensation Act. He was state agent for the insurance company for New Mexico. His office and the place of residence of himself and family was at Albuquerque. While his contract was entered into in Colorado, the major portion of his services were per-

formed in New Mexico and he received his salary by checks mailed to him there from Denver. May 17, 1929, while on his way by automobile from Albuquerque, New Mexico, to Roswell in the same state, his car turned over and he was instantly killed. The commission held that the claim came within the rule announced in Platt v. Reynolds hereinafter referred to, and hence it was without jurisdiction. The district court remanded the cause to the commission to take evidence and find therefrom whether under his contract of employment Hepp, if so directed, was to work in Southern Colorado, whether he was so directed, and whether he so worked. The testimony accordingly taken was that of Hepp's immediate superior, a former agent of the insurance company in charge of Colorado, Wyoming and New Mexico. Based thereon the commission answered each question in the affirmative. On these findings the district court reversed the commission and ordered judgment for plaintiffs. To review that judgment this writ is prosecuted.

Hepp's contract of employment was oral. Dependency, employment, and death by accident arising out of and in the course of emplyoment are all admitted. Plaintiffs contend that this case falls within the rule announced in *Industrial Commission v. Aetna Life Ins. Co.*, 64 Colo. 480, 174 Pac. 589, hence the judgment must be affirmed. The insurance company, the indemnity company and the commission contend that it falls within the rule announced in *Platt v. Reynolds*, 86 Colo. 397, 282 Pac. 264, and *Tripp v. Industrial Commission*, 89 Colo. 512, 4 P. (2d) 917, hence the judgment must be reversed. We refer to these hereafter as the Aetna, Platt and Tripp cases respectively.

■ Two observations seem here appropriate. The final award herein was made by the commission April 24, 1931. Trial was had in the district court and the matter remanded for further evidence August 14, following. The testimony was taken November 10, 1931, the cause was further heard in the district court June 16,

1932, and final judgment entered nine days later. Our opinion in the Tripp case was handed down October 13, 1931, and rehearing denied on the 9th of the next month. Hence that authority was not before the commission when it made its final award, and not before the district court when it remanded the cause for further evidence. Again, if the district court could not decide the issue for lack of evidence, the commission could not have done so. Hence the remand should have been of the entire case for additional evidence and a new award in the light thereof. In the commission alone is vested authority to find facts. The point, however, need not be further noticed since it is not raised here.

In the Aetna case deceased was a resident of Colorado, employed by a Colorado corporation under a contract executed in Colorado, to act as a foreman in seven states of which Colorado was one. He had just completed a job in Wyoming and was killed in an automobile accident in that state while on his way to another job in Idaho. Passing over the questions of place of residence and performance of services under the contract, our opinion adopted the law of the jurisdiction in which the contract was executed as the sole criterion of construction. The decision was en banc, two of the justices dissenting.

In the Platt case the employer resided in Colorado, the contract was entered into in Colorado, but the services were to be performed in Nebraska, in which state the accident occurred. We held deceased not an employee within the meaning of the act, following *Wandersee v. Industrial Com.*, 198 Wis. 345, 223 N. W. 837. Since the contract in the Platt case was made in Colorado, and the contract in the Wandersee case was made in Wisconsin, this was a clear repudiation of lex loci contractus as the sole criterion of construction. To that extent the Aetna case was overruled. The decision was en banc, one of the justices not participating.

In the Tripp case the employer was a Nevada corporation with a general office in Colorado. Deceased,

when employed, lived in Colorado and the contract was entered into here. The services were to be performed, and the accident occurred, outside this state. Holding that since the employee rendered no service in Colorado the case fell within the rule of the Platt case and there could be no recovery, we affirmed the judgment, thus again repudiating lex loci contractus as the sole criterion of interpretation. That decision was en banc, all the justices concurring.

Since in the Aetna case the contract called for services in Colorado, whereas in the Platt case and the Tripp case it did not, and since in each of the last two we gave that failure as the basis of our conclusion, it is clear that the result in the Aetna case must have been the same regardless of the reason assigned.

One other authority, *Hall v. Industrial Commission,* 77 Colo. 338, 235 Pac. 1073, is relied upon by plaintiffs in error. There the employer was a resident of Kansas and the contract was made in that state. The accident occurred in Colorado though under the contract the services were not to be performed ''principally within this state only.'' Recovery was denied and the judgment affirmed in department. In the Hall case, it will be noted, the facts of the Aetna case were reversed, but the rule of construction announced in the latter was modified by injection of the element of place of performance of services. Should that element be considered as controlling, as counsel seem to contend, the Aetna case would stand completely overruled.

Other things being equal we find no reason to draw a distinction between a contract under which all services are to be, and are, performed in Colorado, and one under which half the services are to be so performed. Nor can construction safely be tied to the test of place of performance of the ''principal'' portion of such services. The term is indefinite and the measure indeterminate. A careful examination of these four opinions will disclose that in every instance where the contract was made

in Colorado and a substantial portion of the services thereunder were to be, and were, performed in this state, recovery under the act has been upheld. We have no doubt of the soundness of this rule. We find no occasion in the instant case to go beyond it and must decline here to express any opinion upon any other combination of facts, however advantageous such an expression might be as a guide to future litigants.

Under the contract here in question a substantial portion of the services were to be, and were, performed in this state. The witness testified that Hepp rendered services in Colorado "periodically"; that he made "several" trips to Trinidad; that he "inspected a risk at Starkville"; that all this work was done under instructions which it was Hepp's duty to follow; that he had discretion, without special instructions, to visit other points in southern Colorado in attending to the insurance company's business; that he so visited Durango; and that his contract in fact contemplated more work in this state than he was actually called upon to perform.

We think the special findings of the commission, and the evidence upon which they are based, bring the case clearly within the rule above announced. That its application here is especially just and equitable is further evidenced by the fact, disclosed by stipulation, that the premiums paid by the insurance company to the indemnity company were based upon a pay roll of the former which included all the salary of Hepp.

The judgment is accordingly affirmed.