## No. 13,988.

UNITED STATES FIDELITY AND GUARANTY COMPANY ET AL. *v.*
INDUSTRIAL COMMISSION ET AL.
(61 P. [2d] 1033)

Decided October 19, 1936.

Mr. Henry H. Clark, Mr. Robert C. Nelson, for plaintiffs in error.

Mr. Byron G. Rogers, Attorney General, Mr. Louis Schiff, Assistant, for defendants in error.

*En Banc.*

Mr. Justice Burke delivered the opinion of the court.

Plaintiffs in error are hereinafter referred to as the insurance company and Vaughn, and defendants in error as the commission and Lipe, respectively.

This is a workmen's compensation case. Vaughn was the employer, the insurance company carried his industrial insurance, and Lipe was his employee. Lipe was injured November 24, 1933, while engaged about the drilling of an oil well at Craig, Colorado. Such proceedings were regularly had as resulted in an award to him, by the commission, of $14 per week for one year from December 5, 1933, for temporary disability, and 139 weeks thereafter, at the same rate, for permanent disability, and the affirmance of that award by the court. To review that judgment this writ is prosecuted.

The ten assignments of error may be thus briefly summarized: (1) The commission was without jurisdiction and evidence to that effect was improperly rejected; (2) the question of jurisdiction was not waived by plaintiffs in error as held by the commission; (3) there is no evidence to support the holding that temporary disability ended December 6, 1934.

1. Lipe's contract of employment was entered into in Texas and largely to be performed, and so performed there. He had worked for Vaughn outside of Colorado for more than ten years immediately prior to his employment here. His assignment in this state extended only to the drilling of one well. Vaughn took out insurance with the insurance company covering his Colorado

operations, and unless excluded for reasons hereinafter discussed, the policy covered the accident in question, and Vaughn and Lipe had both brought themselves under the act. December 14, following the accident the insurance company, ignorant of the Texas contract and employment, admitted liability and paid thereunder at the rate of $7.69 per week to July 2, 1934, a total of $230.70. Later in that month Texas counsel for Lipe advised the company that he had filed claim under the Texas act, elected to pursue his remedy there, and would hence accept no further compensation under the Colorado law. The commission was so advised and approved the suspension of payments. Nine months thereafter Lipe advised the commission that he had failed to establish his claim in Texas and it proceeded here.

██ Assuming first that the commission originally had jurisdiction we address ourselves to the effect, if any, of the Texas action. It is contended that Lipe was thereby estopped; but since the record discloses no action by plaintiffs in error in reliance thereon, and no prejudice to them thereby, we find no estoppel. It is further suggested that the Texas decision was erroneous. It appears, however, that under the law of Texas, while Lipe might originally have made claim there he is barred if he has first proceeded in another state. Moreover, Texas has construed her own law and comity binds us. We therefore conclude that if the commission originally had jurisdiction it was not lost. We do not here discuss authorities cited on election of remedies since certain rules applicable thereto are inapplicable to election of forum, where such election is allowed a litigant.

██ Did the commission originally have jurisdiction? Defendants in error say their opponents conceded it by admission and payment and are bound thereby. But, aside from the effect of their justifiable ignorance of the place of this contract of employment at the time they acted, jurisdiction can not be conferred by consent nor lack of jurisdiction waived. Plaintiffs in

error assert no jurisdiction because the contract was made and to be principally performed outside of Colorado and they cite and rely upon *Industrial Commission v. Aetna Life Ins. Co.,* 64 Colo. 480, 492, 174 Pac. 589, and *Hall v. Industrial Commission,* 77 Colo. 338, 235 Pac. 1073. Defendants in error distinguish the Hall case by the contention that there the employee was not insured under the Colorado act, hence not subject to it, and maintain that the Aetna case was overruled by *Platt, Inc. v. Reynolds,* 86 Colo. 397, 282 Pac. 264, and *Home Ins. Co. v. Hepp,* 91 Colo. 495, 15 P. (2d) 1082.

In the Aetna case employer and employee resided in Colorado and the contract of employment was made here. It contemplated some work elsewhere. The employee had completed a job in Wyoming and was killed in an accident in that state while en route to Idaho to engage in similar work. We held recovery could be had in Colorado because the law of the place of contract governed. In the Hall case the employer resided in Kansas and the contract was made there or in Nebraska. We held recovery could not be had here because of the rule laid down in the Aetna case, but injected another element, i. e., where "the work is not to be carried on principally within the state where the accident occurs." In the Platt case the employer resided in Colorado and the employee in Nebraska. The contract was entered into in Colorado and the accident occurred in Nebraska. On the authority of *Wandersee v. Industrial Com.,* 198 Wis. 345, 223 N. W. 837, holding that, while the employer resided and the contract was entered into in Wisconsin there could be no recovery in that state because the employee resided, the services were performed, and the injury occurred in Minnesota, we denied recovery, holding that, to constitute a person an employee under the provisions of the act he must render service in this state. The opinion makes no mention of the Aetna and Hall cases and apparently they were not cited in the briefs. However, a strict adherence to the rule upon which those

decisions were predicated would have required a contrary disposition. The Platt case was decided en banc, one of the justices not participating. The Hepp case was decided en banc with all participating. There the contract was entered into in Colorado but the employee resided in New Mexico where "the major portion of his services were performed" and where he was killed. However, the employee, under his contract, was required to work in Colorado if so directed, and had so worked. The commission held against him but was reversed by the district court in a judgment which we affirmed. Claimant relied upon the Aetna case and the employer and his insurer upon the Platt case; also upon *Tripp v. Industrial Commission*, 89 Colo. 512, 4 P. (2d) 917. In the latter the claimant was employed in Colorado by the agent of a Nevada corporation. The services were performed entirely without this state and the accident occurred in Kansas. The commission, the district court, and this court held no jurisdiction. In the Hepp case we pointed out that the law of the place of the contract "as the sole criterion of construction" had been clearly repudiated in the Platt case and that repudiation reaffirmed in the Tripp case. We further said: "In every instance where the contract was made and a substantial portion of the services thereunder were to be, and were, performed in this state, recovery under the act has been upheld. We have no doubt of the soundness of this rule. We find no occasion in the instant case to go beyond it and must decline here to express any opinion upon any other combination of facts." The statement is correct, and in view of the fact that the contract then before us was entered into in Colorado, nothing further was required.

It thus appears that to justify recovery under our law the one essential element is that a substantial portion of the work must be done in this state, but that with this must be combined either an accident in Colorado or a contract in Colorado. Here we have an accident in

Colorado to one working under a contract a substantial portion of which was to be performed in Colorado. Add to this the facts that employer and employee otherwise came within the terms of the Colorado act and the accident was covered by insurance carried, and we doubt not that the spirit and intent of workmen's compensation legislation require us to hold that the commission here had jurisdiction. *DeGrey v. Miller Bros. Const. Co., Inc.,* 106 Vt. 259, 173 Atl. 556.

2. What we have above said disposes of this point.

 3. This is simply a question of evidence. The witness Dr. Packard gave it as his opinion that the period of total temporary disability as distinguished from permanent disability "would be somewhere between six and twelve months from the time of the injury." We think this, and other matters unnecessary to recite, justified the conclusion of the commission.

The judgment is affirmed.