ANDERSON, Administratrix, Respondent, vs. MILLER SCRAP
IRON COMPANY and another, Appellants.

*December 6, 1918—April 29, 1919.*

*Workmen's compensation: Employer's liability not a mere substi-
tute for common-law liability: Principles governing tort ac-
tions not applicable: Liability not contractual but statutory:
Not limited to injuries sustained within this state.*

1. Before the enactment of the workmen's compensation act the
   liability of an employer for injury to an employee caused by
   the employer's negligence was that prescribed by the common
   law as modified by statute.  It was a liability *ex delicto* and
   the principles governing tort actions were applied.  Wher-
   ever the action was brought the rights and liabilities of the
   parties were determined by the law of the place where the
   injury occurred.

2. The liability of the employer under the workmen's compensation
   act is, however, of an entirely different nature and based upon
   a wholly different economic theory.  Not being based upon, or
   limited to injuries sustained by reason of, any wrongful con-
   duct or negligent act of the employer, the principles govern-
   ing tort actions are not applicable.  Language used *arguendo*
   in *Borgnis v. Falk Co.* 147 Wis. 327, limited and explained.

3. Nothing in the language of the workmen's compensation act
   limits its application, either by express terms or by necessary
   implication, to injuries sustained within this state.

4. The liability of the employer under the workmen's compensation
   act is not  contractual in the sense that it should be considered
   as a covenant or part of the contract of employment, but is
   purely statutory.  It grows out of and is incidental to the rela-
   tionship created by the contract, but it is the statute, not the
   contract, which prescribes the conditions and the rate of com-
   pensation, and these cannot be changed by agreement between
   the parties, but may be altered by amendment of the statute
   without impairing the obligation of existing contracts.  The
   fact that our statute is not compulsory and that an employer
   may elect to come under it or not and may withdraw does not
   materially affect this question.

5. The liability of the employer under the workmen's compensa-
   tion act being statutory, the act enters into and becomes a part
   of every contract of employment made within this state, not as
   a covenant, but to the extent that the law of the land is a part
   of every contract; and the rights and liabilities of the parties
   to such a contract of employment must be determined with
   reference to the act.

Anderson v. Miller Scrap Iron Co. 169 Wis. 106.

6. Where a contract of employment is made in this state and both employer and employee are within the terms of the workmen's compensation act, the liability of the employer for an injury to the employee is that prescribed by the act and he has no other or different liability.

7. Where a contract of employment was made in Wisconsin and both parties thereto were residents of this state and were subject to our workmen's compensation act, their rights and liabilities in case of injury to the employee must be determined in the courts of this state in accordance with the provisions of said act, whether the injury occurred within or without the state.

[8. Whether in such a case, if the injury occurred in another state in which the employee was at the time prosecuting the employer's business, the courts of that state should enforce our compensation law, or whether if the facts were reversed the courts of this state should enforce a like law of a sister state, not considered.]

APPEAL from a judgment of the municipal court of Brown county: N. J. MONAHAN, Judge. *Reversed.*

Personal injury. The defendant company is a Wisconsin corporation, having its principal place of business at Green Bay. Joseph Boncher was a resident of Wisconsin, an employee of the defendant company. The business of the company, a dealer in scrap iron and steel, was carried on almost entirely within the state of Wisconsin. Nearly all of Boncher's services had been rendered within the state. Prior to the time of the accident, which occurred on June 30, 1917, the company had purchased the scrap on a small piece of narrow-gauge railroad near Gibbs' farm, a place about ten miles from Iron River, Michigan. The work of gathering this scrap was under the personal direction of the defendant *Herman Miller.* The employees of the company boarded at Iron River and went to and from their work in an automobile. On the second day, as they were going to work, the automobile, which was being driven by *Herman Miller,* was overturned, and Boncher suffered injuries from which he afterwards died. This action is brought by the administratrix of his estate to recover damages for the injuries sustained by Boncher and for his death. The liability of the defendants is

predicated upon the survival statute of the state of Michigan. There was a verdict in favor of the plaintiff finding the defendants guilty of negligence, and judgment was entered thereon for $4,116.59 damages and costs, from which judgment the defendants appeal.    Other material facts will be stated in the opinion.

For the appellant *Miller Scrap Iron Company* there was a brief by *Richmond, Jackman, Wilkie & Toebaas* of Madison, and oral argument by *Harold M. Wilkie.*

For the appellant *Herman Miller* a separate brief was filed by *Kittell, Jaseph & Redfield* of Green Bay.

For the respondent there was a brief by *Kaftan & Reynolds* of Green Bay, and oral argument by *Robert A. Kaftan.*

A brief was also filed by *Peter Fisher* of Kenosha and *Worth E. Caylor* of Chicago as *amici curiæ.*

The following opinion was filed January 7, 1919:

ROSENBERRY, J.    The plaintiff claims the right to recover damages under the laws of the state of Michigan for the injury and death of Bonchei on the ground that the defendant company and its agent, *Herman Miller,* were negligent.    The defendants claim that the liability of the defendant company is that prescribed by the workmen's compensation act of Wisconsin (secs. 2394—1 to 2394—31, Stats.), and inasmuch as the plaintiff has requested that, in the event it is held that the workmen's compensation act applies to the company, the judgment shall be reversed as to both defendants, we will first consider that question.

The plaintiff's contention is that the injuries to the deceased, Boncher, having occurred within the state of Michigan, the rights, duties, and liabilities of the parties must be determined in accordance with the law of the state of Michigan; that the workmen's compensation act of the state of Wisconsin cannot affect the rights, duties, and liabilities of the defendant company, because such act can have no extra-

territorial effect.   On behalf of the defendant company it is claimed that, this being an action in a Wisconsin court, both parties to which reside within the state of Wisconsin, and the contract of employment having been made within this state, at least in the courts of this state the rights, duties, and liabilities of the defendant company are those prescribed by the workmen's compensation act.

Prior to the enactment of the workmen's compensation act the liability of the employer was that prescribed by the common law as modified by statute.   The liability was held not to be one *ex contractu,* but one *ex delicto,* and the liability was held to result from the wrong which followed from the failure of the employer to discharge the duty which he owed to his employee to observe that degree of care which the law required of him.   An action to enforce a claim against the employer for violation of his duty was therefore an action *ex delicto* and the principles governing tort actions were applied.   An action for personal injuries, being in its nature transitory, might be brought in any court having jurisdiction of the parties, but, wherever brought, the rights and liabilities of the parties were determined by the law of the place where the injury occurred.   *Eingartner v. Ill.·S. Co.* 94 Wis. 70, 68 N. W. 664.   The injuries sustained by the deceased, Boncher, having resulted from an accident which happened in Michigan, the plaintiff claims the benefit of this established principle of law and seeks to enforce the liability of the defendants therefor in accordance with the laws of the state of Michigan, and such would be the plaintiff's undoubted right but for the Wisconsin workmen's compensation act.

It is claimed that the scheme of compensation provided by the workmen's compensation act is a substitute for the common-law liability of the employer and that it should therefore be administered in accordance with the principles applicable to the law of torts.   In *Borgnis v. Falk Co.* 147 Wis. 327, 365, 133 N. W. 209, language was used *arguendo*

which, taken apart from its context, may lend colorable support to this theory, but when the whole opinion is considered it cannot be fairly said that it does so. The matter there under consideration was whether or not the legislature could change a remedy for a tort, and it was held that it might do so. That is not equivalent to holding that the liability imposed by the act is tortious in its nature.

It is true that the liability of the employer at common law was that of a wrongdoer and therefore tortious in its nature. It is also true that for that liability the workmen's compensation act has substituted another liability. It does not necessarily follow, however, that the principles applicable to torts should be applied to the liabilities of the employer under the act. The liability of the employer under the act is not based upon any wrongful conduct or negligent act of the employer. However blameless the employer may be, he is nevertheless liable if the employee be injured and he bring himself within the terms of the act.

The liability of the employer under the workmen's compensation act is not only one of an entirely different nature, but it is based upon a wholly different economic theory. The clear intent and purpose of the workmen's compensation act is to burden a particular industry in which the injury to an employee occurs with the damages resulting from such injury and to secure to the injured employee as large a part of the financial burden imposed by the act upon the industry as is possible. The law is therefore administered by state agencies for the benefit of the injured employee. He has the benefit of legal advice, often without expense, and where expense is incurred it is limited by the terms of the law.

Naturally such a radical change in our laws was necessarily followed by a period of adjustment. It ought to be clear to every one at this time, however, and particularly to the legal profession, that along with the practical abolition of the tortious liability of the employer there went an abolition of

the refinements and technicalities which grew up in the administration of the law relating to personal injuries. It was the duty of the legislature to determine what economic policy was in the interest of the general welfare. The legislature having made that determination, it is the duty of the courts so to administer the law within constitutional limitations as to give full effect to the legislative purpose. Many cases have been brought here because counsel have failed fully to grasp the meaning of this fundamental change in an important field of the law.

To what injuries did the legislature intend that the workmen's compensation act should apply? It is claimed that by the language of sec. 2394—1, Stats., which provides that "in any action to recover damages for a personal injury sustained *within this state*" it shall not be a defense that the employee assumed the risk, that the injury was caused by want of ordinary care on the part of a fellow-servant, or that the employee was guilty of contributory negligence, the act. is expressly limited to injuries occurring within the state.

Manifestly the state of Wisconsin cannot prescribe the liability of employers for purely tortious injuries to employees occurring without the state of Wisconsin, because, as we have seen, the liability in such a case is that prescribed by the law of the place where the injury occurs. The effect of that part of the act, therefore, abolishing the common-law defenses against claims for personal injuries based upon negligence is necessarily limited in its application to the state of Wisconsin, and the section would have meant the same thing that it now means had the words "within this state" been omitted.

Sec. 2394—3, Stats., which provides that "liability for the compensation hereinafter provided for, in lieu of any other liability whatsoever, shall exist against an employer for any personal injury accidentally sustained by his employee, and for his death," where the prescribed conditions

of compensation concur, and that the right to recover the compensation provided in the act "shall be the exclusive remedy against the employer for such injury, or death," and that in all other cases the liability of the employer shall be that at common law, except that he may not avail himself of the common-law defenses of assumption of hazard, negligence of a fellow-servant, or contributory negligence, contains no language from which it may be inferred that its application was intended to be limited to injuries which occur within the state.

The fact that that part of the act which abolishes the three common-law defenses named contains language limiting it to the state, and that such language is not used in that part of the act imposing the statutory liability upon employers, is at least significant and we think persuasive.

It is further argued that, because there is language used to the effect that it shall apply to minors who are legally permitted to work under the *laws of this state;* that where injury is caused by failure of the employer to comply with any *statute of the state* the compensation shall be increased by fifteen per cent.; and that the industrial commission is given supervision of every place of employment and public building *in this state,* the application of the act is thereby limited, so far as it prescribes the liability of the employer, to compensation for injuries occurring within this state.

We do not think this a fair inference to be drawn from the language of the sections referred to. In the sections referred to, the powers conferred and the duties and liabilities prescribed are by their very nature limited to the state. The legislature had no power to require safeguards, legally to authorize the employment of minors, or to regulate or supervise places of employment or public buildings without the state. The fact that the laws relating to the employment of minors, the safeguarding of machinery, and the supervision of places of employment and public buildings are to be considered in determining the liability of employers does not

limit the application of the act, but relates solely to particular classes of injuries and confers special powers upon the industrial commission.

The language of the act does not, either by express terms or by necessary implication, limit its application to injuries which are received within the territorial limits of the state. The legislative intent may be ascertained by a consideration of the legislative purpose in its adoption.

It must be borne in mind in the consideration of this whole subject that the liability of the employer under the compensation act is not limited to those injuries sustained by the employee by reason of the employer's negligence. The liability of the employer under the compensation act is not based upon the employer's neglect of duty and is therefore not tortious. Neither is it contractual in the ordinary sense in which that term is used. It is true that the liability imposed by the act grows out of and is incidental to a relationship based upon contract, but that does not make it contractual any more than it made the liability of the employer at common law contractual, for that, too, was a liability which grew out of and was incidental to a like relationship. If, as is said in some cases (*State v. District Court,* 139 Minn. 205, 166 N. W. 185), the liability of the employer under the law is a contract obligation, then the rights and liabilities of the parties would always be referable to the law in force at the time the contract of employment was entered into. Such is not the case. *Borgnis v. Falk Co.* 147 Wis. 327, 366, 133 N. W. 209. Neither, in our opinion, does the fact that the law has an elective feature and is not compulsory materially affect the question, notwithstanding it has been held otherwise. *Kennerson v. Thames T. Co.* 89 Conn. 367, 94 Atl. 372. In the case last cited it is said: "Acceptance of the act, whether made expressly or impliedly, as permitted by the act, made its provisions a part of these contracts of employment;" and other language to the same effect is used. If this be true, the law is not subject to amendment as against existing contracts

Anderson v. Miller Scrap Iron Co. 169 Wis. 106.

in any respect which would impair the contract within the meaning of that term as used in the constitution.    Such construction is to be avoided in the interest of a simple and correct administration of the law, and should not be adopted unless the clearly expressed legislative intent excludes other construction.

The liability of the employer under the act is not tortious and is not contractual in the sense that it should be considered as a covenant or part of the contract, but it is purely statutory.    An employer cannot relieve himself of liability under the law by contract.    Having entered into a contract of employment with his employee, he cannot by contract change either the conditions or the rate of compensation for which he will be liable in case the employee is injured.    He may elect not to come under the law, but when he does elect to come under it his liabilities are not subject to modification by contract between himself and his employee.    It is the law, not the contract, which prescribes the conditions and the rate of compensation.    Under the provisions of our act he may withdraw; by so doing he does not alter either the law or the contract.    If his withdrawal altered the contract it would require the consent of the other party to the contract. An employer who has elected to come under or to remain under the law, as the case may be, does not have a different liability under the terms of the act than he would have were it by its terms compulsory.

In deference to supposed constitutional barriers, many laws in recent years have been brought in by the back door, so to speak; but they are nevertheless the law of the land, and it is not necessary for them to have the sanction of individual contract to vitalize them.    The right of free contract has been limited in recent years by legislative enactment in many important particulars in the interest of the general welfare, and comparatively recent decisions of the United States supreme court have so broadened the constitutional field that

it may be fairly said we are at the beginning of a new era. The determination of the relative merits of different economic theories, both in the field of taxation and in that of social reform, will in the light of these decisions be more and more a matter of legislative decision and less and less questions for judicial consideration.

The liability of the employer under the act being statutory, the act enters into and becomes a part of every contract, not as a covenant thereof, but to the extent that the law of the land is a part of every contract. Every contract is enforced and interpreted in accordance with the law of the place where it is made, and the rights and liabilities of the parties thereto are to be determined in accordance with that law. Just as the law of negotiable instruments is a part of every promissory note to the extent that the rights and liabilities of the parties thereto must be determined with reference to the law of the place where the promissory note is made, executed, and delivered, so the rights and liabilities of every employer and employee who enter into a contract of employment within this state must be determined with reference to the workmen's compensation act. 6 Ruling Case Law, 655; *International H. Co. v. McAdam,* 142 Wis. 114, 124 N. W. 1042.

By the law of this state, when an employer enters into a contract with an employee, both being within its terms, in the event of injury to the employee the employer becomes liable therefor in the manner and to the extent prescribed by the workmen's compensation act, and he has no other or different liability. The right of the employee to recover the compensation provided for by the act is exclusive of all other remedies against the employer for any injury which the employee may sustain, and in the event of his death the same limitation applies to his personal representatives.

Will the rights and liabilities of the parties to the contract of employment, as defined and prescribed by the laws of this state, govern if the injury occur without the state? It is ob-

vious that the workmen's compensation act *ex propria vigore* can have no extraterritorial effect. 12 Corp. Jur. 434, and cases cited.

We do not consider in this case, because it is neither argued nor necessary to the decision, whether the workmen's compensation law of this state should be enforced by the courts of Michigan, under the facts and circumstances in this case. Neither do we consider whether or not, were the facts and circumstances reversed, we should enforce a like law of a sister state. In this case both parties to the contract of employment were residents of this state; they were incidentally without the state in the prosecution of the employer's business. The contract of employment was made within this state and the action is brought in the courts of this state, and the question is whether or not in this case the rights and liabilities of the parties should be determined in accordance with the workmen's compensation act or in accordance with the law of the state of Michigan, where the injuries occurred.

As has been said, the workmen's compensation act is based upon the economic theory that it is in the interest of the general welfare that damages arising from injuries sustained by persons engaged in a particular industry shall be borne by that industry. The liability of the employer at common law was limited to cases where negligence could be established. Where negligence was established the burden was borne in the first instance by the employer, who ordinarily had an opportunity to pass all or a part of the burden on. In cases where negligence could not be established, the injured employee bore the entire burden with no opportunity to pass it on. Under the workmen's compensation act the burden falls upon society at large, and is not borne entirely either by the employer or by the employee. If the application of the law be limited to injuries occurring within this state, then in the case of injuries sustained without the state the employer will not be liable except he be negligent, and where he is not negligent the whole loss must be borne by the employee, and the whole legislative purpose is, as to injuries sustained

without the state, defeated.   We have extensive borders;
thousands of employees are passing out of and into Wis-
consin daily, and almost hourly, in the discharge of their
ordinary duties.   Can it be that the legislature intended that
every time these employees crossed the state line their right
to compensation for injuries incidental to and growing out
of their employment should be changed, and that as to in-
juries which occur beyond the state line the old system in-
stead of the new should apply?

In *Gould's Case,* 215 Mass. 480, 102 N. E. 693, it has been
held that a somewhat similar law of Massachusetts did not
apply to injuries sustained without the state.   There is
language in the act construed in that case which sustains that
decision; and throughout the opinion of the court it appears
that the application of the act there considered is limited by
the fact that "one main purpose of the act is to establish be-
tween employee and employer, in place of the common-law
or statutory remedy for personal injury, which is based upon
tort, a system whereby compensation for all personal injuries
or death of the employee received in the course of and aris-
ing out of his employment, whether through unavoidable
accident or negligence or otherwise (except through his se-
rious and wilful misconduct), shall be determined forthwith
by a public board, and paid by the insurer."

If the liability of the employer under the workmen's com-
pensation act is considered simply as a substitute for the
common-law liability of the employer, it is logical to hold
that the principles governing the law of torts should be ap-
plied to the workmen's compensation act.

We do not regard the liability of the employer under the
workmen's compensation act merely as a substitute for the
common-law liability of the employer.   The liability of the
employer under the compensation act rests upon an entirely
different basis than that of his liability at common law.   In
the one case his liability is predicated upon the principle that
every one who does a wrong resulting in injury to another
shall be liable for the damages resulting therefrom.   In the

other case injuries to employees are regarded as necessarily incidental to the conduct of industry under modern conditions and not the result of a wrong committed by the employer, and that therefore the damages arising therefrom should be borne by the whole industry rather than by the employer or employee. We therefore hold that the principles which are applicable to actions *ex delicto* should not be applied to claims arising under the workmen's compensation act, but rather that the law should be so construed and applied as to carry out and effectuate the legislative purpose. It was thought by the Massachusetts court that if the law were held applicable to injuries arising without the state great difficulties in its administration would be encountered. But these difficulties do not appear to us to be any greater under one construction than under another. . Even if it be held (a matter which is not decided here) that the employee sustaining injuries without the state must proceed in the manner prescribed by the act, it is quite as advantageous to him, compensation being certain, as the right to conduct long and expensive litigation in the courts of this or other states, with the possibility of receiving nothing in the end.

The workmen's compensation act of Wisconsin is so far a part of every contract of employment that the rights and liabilities of the parties thereto in case of injury to the employee, both being subject to it, must be determined in accordance with its provisions, whether such injuries occur within or without the state. The act is controlling as to the rights and liabilities of the parties to the contract wherever the contract of employment is valid. The statutory liability of the employer is exclusive of all other liability of the employer where both parties are under the act.

If the workmen's compensation acts of the several states are to be given effect so as to make them general in their application, they must be held to apply to injuries to employees wherever they occur. If accidents occurring without the state are to be in one class and accidents occurring

within the state are to be in another class, every state might
have a workmen's compensation act and yet both the old and
the new systems would still be in force and the legislative
purpose would not be accomplished.   The construction here
placed upon the act will give the legislative intent full effect,
and if recognized by the courts of sister states will give every
employee the remedy provided by the workmen's compensa-
tion act under which his contract of employment was made.
In addition to the cases hereinbefore referred to we cite the
following: *Industrial Comm. v. Ætna L. Ins. Co.* (Colo.)
174 Pac. 589; *Grinnell v. Wilkinson,* 39 R. I. 447, 98 Atl.
103; *Gooding v. Ott,* 77 W. Va. 487, 87 S. E. 862.

Both defendants having appealed, and the plaintiff having
requested, in the event the law be held applicable to the de-
fendant company, that judgment be reversed as to both de-
fendants, we will not consider the other questions raised in
appellants' brief.

*By the Court.*—Judgment reversed, and cause remanded
for further proceedings according to law; the defendants to
tax but one bill of costs.


The following opinion was filed April 29, 1919:


ROSENBERRY, J.   The *Miller Scrap Iron Company* moves
for a rehearing and asks that the decision of the court be so
modified as to make it plain beyond doubt that the court is
not in this case passing upon any question of election and is
not permitting the plaintiff to take a voluntary reversal as to
*Herman Miller* without prejudice to any claim of the widow,
if any there be, under the workmen's compensation act.

The plaintiff asks that this court upon this motion deter-
mine that there was no waiver as to the widow of the de-
ceased for compensation under the act.

The defendant *Herman Miller* appealed, which is in effect
an application to this court to reverse the judgment of the
trial court.   As stated in the opinion, the plaintiff requested,

in the event that the workmen's compensation act be held applicable to the defendant company, that the judgment should be reversed on both appeals. The law having been held applicable, this court without further consideration reversed the judgment on both appeals, and did not decide or attempt to decide and does not now decide whether or not the widow's right to compensation under the workmen's compensation act is in any way affected by the proceedings had in this case. That matter is left to be determined in its proper order in another proceeding where all of the facts may be presented, without prejudice as to the rights of the widow. The motion is denied, without costs.

*By the Court.*—It is so ordered.