ZURICH GENERAL ACCIDENT & LIABILITY INSURANCE
COMPANY, Appellant, vs. INDUSTRIAL COMMISSION OF
WISCONSIN and another, Respondents.

*April 5—May 3, 1927.*

*Workmen's compensation: President of company as employee:
Performing services growing out of or incidental to employ-
ment: Evidence: Report of assistant foreman to company:
Report of officer to insurance carrier.*

1. The president of a construction company who did not own a
   majority of the stock and who had no independent control of
   the company was, while performing duties as superintendent
   of construction, an employee of the company within the
   meaning of the workmen's compensation act.  [*Aitchison v.
   Industrial Comm.* 188 Wis. 218, distinguished.]    p. 35.
2. The president of a Wisconsin construction company who went
   to Texas to take charge of the erection of a bridge the con-
   tract for which had been let to the corporation, and who while
   there exercised direct supervision over the work, hired and
   discharged men, and secured workmen's compensation in
   Texas, was subject to the Wisconsin compensation act.  p. 36.
3. A report of the circumstances under which the superintendent
   was killed, made by an assistant foreman, was not binding
   upon the employer as an admission in proceedings under the
   compensation act, as the agent of a corporation cannot make
   such an admission; and it did not bind the insurance carrier,
   as the assistant foreman was not its agent.  p. 36.
4. A report made by an officer of the company to the insurance
   carrier, stating the circumstances of an accident to the super-
   intendent while unloading a boiler from a railroad car, is
   *held* to be an admission by the employer, and, when supple-
   mented by the testimony of an officer of the corporation that
   such boiler had been shipped to the place of the work, justi-
   fied a finding that deceased, at the time of his death, was
   performing services incidental to his employment within the
   meaning of the compensation act.  p. 37.

APPEAL from a judgment of the circuit court for Dane
county: AUGUST C. HOPPMANN, Circuit Judge.  *Affirmed.*

This is an action by the insurance carrier to review an
award of the *Industrial Commission.*  From a judgment
of the circuit court affirming the award the plaintiff appeals.

Prior to 1917 Adolph Green was the proprietor of a con-struction business at Green Bay.   In 1917 he incorporated this business under the name of the Adolph Green Con-struction Company.   He was the executive head of the corporation until his death in 1920.   After his death his two sons, Herman and William, assumed the management and control of the company.   The total stock of the com-pany consisted of 457 shares.   Of these William owned 218 shares, Herman 206 shares, and another brother, George, held 22 shares.   Herman, William, and George constituted the board of directors from the time of the death of the father to the death of Herman.   During all such time Her-man was president of the corporation and William was secretary-treasurer.

The principal business of the firm was construction en-gineering, and it built a large bridge at Green Bay during the period from 1922 to 1925.   The duties which William performed were of an office nature.   He was called the inside man.   Herman exercised direct supervision over the construction activities of the company.   He might properly be called the outside or field man.   The general policies of the company, however, were largely the subject of con-ference and agreement between Herman and William.

In January, 1925, they commenced the construction of a bridge over the Brazos river in Texas.   It was expected that the Texas job would be completed in about four months. The company obtained statutory authorization to do busi-ness in Texas, and obtained separate insurance coverage liability under the Texas workmen's compensation act. This insurance was obtained from plaintiff and appellant, of which the construction company had also obtained its Wisconsin coverage under the Wisconsin workmen's com-pensation act.   Herman Green took complete charge of the Texas job, spending all of his time, from January until he was killed on April 2, 1925, in Texas, except for two short trips to Green Bay.   On April 22, 1925, he was

killed in an accident occurring while unloading a forty-five horse-power boiler from a railroad car. His widow, claiming that he came to his death while performing services incident to and growing out of his employment, made application to the *Wisconsin Industrial Commission* for compensation from the Adolph Green Construction Company and the plaintiff, as its insurance carrier. An award was made in her favor, and this action is brought to review that award.

For the appellant there was a brief by *Kittell, Jaseph, Young & Everson* of Green Bay, and oral argument by *Lynn D. Jaseph.*

For the respondent *Industrial Commission* there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

For the respondent *Green* there was a brief by *Martin, Martin, Clifford & McHale* of Green Bay, and oral argument by *John M. McHale.*

OWEN, J. Appellant contends that the deceased was not an employee within the meaning of the workmen's compensation act. This contention is based on the fact that he was president of the company. *Aitchison v. Industrial Comm.* 188 Wis. 218, 205 N. W. 806, is relied upon to establish the conclusion that he was not subject to the workmen's compensation act. That case does not hold that an officer of the company may not also be an employee of the company within the meaning of the compensation act. It simply holds that under all the facts and circumstances of that case Mrs. Aitchison was in no sense an employee. The conclusion in that case was based upon the fact that Mrs. Aitchison was practically the corporation; that she practically owned all of the stock of the corporation, elected the directors when they were elected, fixed her own salary, prescribed her own duties, and, in effect, dominated the corporation.

The deceased, Herman Green, entertained no such relation to the Adolph Green Construction Company.  He did not own a majority of the stock; he could not elect a single director; he was one of three directors; he could not elect himself president; he could not employ himself as superintendent of construction; he had no independent control of the company; he did not occupy his position as president by virtue of any independent control, but by virtue of the concurrence of at least a majority of a board consisting of three directors.  The principles underlying the *Aitchison Case* do not control this.  It is conceded that besides holding the office of president of the company and discharging the duties pertaining to that office, he also acted as superintendent of construction upon the works.  This constituted an employment palpably separate and distinct from the official duties falling upon him as president of the company.  While performing such duties he stood in the same relation to the company that any other superintendent of construction in the employ of the company would occupy. That such person is under the provisions of the workmen's compensation act is not seriously challenged, and we conclude that, while acting as superintendent of construction, the deceased was plainly an employee of the company.

It is next contended that if the deceased was an employee his employment at the time of the accident was a Texas employment, and injuries sustained by him in such employment were not subject to compensation under the Wisconsin compensation act.  This contention would seem to be answered by our decision in *Anderson v. Miller Scrap Iron Co.* 169 Wis. 106, 170 N. W. 275, 171 N. W. 935.  It was there held that the relation of employer and employee was a statutory relation, that the contract is governed by and subject to the law of the place where it is made, and that as to all contracts of employment made in the state of Wisconsin the compensation act of this state "enters into and becomes a part of every contract, not as a covenant

thereof, but to the extent that the law of the land is a part of every contract." The great weight of authority in this country holds that workmen's compensation acts apply to employees while rendering services growing out of and incident to their employment outside the jurisdiction of the state in which the contract is made. See note in 3 A. L. R. 1351.

Whether the deceased was under the Wisconsin or Texas compensation act depends upon whether his employment was pursuant to a Wisconsin or a Texas contract. Upon this question there can be no doubt. He went to Texas as a representative of the company by virtue of his contract of employment made here in Wisconsin. So far as he was concerned there was no Texas contract. The fact that he went to Texas, took charge of the work, hired and discharged men, and secured workmen's compensation insurance in Texas did not make his employment a Texas employment. His employment still remained a Wisconsin employment, and he was at all times subject to the workmen's compensation act, no matter where he was performing services growing out of and incidental to that employment. The conclusion that at the time of his death he was subject to the Wisconsin compensation act presents little difficulty.

The appellant next challenges the finding of the *Industrial Commission* that at the time of his death the deceased was performing services incident to and growing out of his employment. It is contended that the record presents no competent evidence upon which this finding can be sustained. It must be admitted that the record is barren of any sworn testimony concerning the circumstances under which the deceased came to his death. The record contains a report made by N. G. Green, assistant foreman, concerning the accident. To whom this report was made does not appear. Presumably it was made either to the employer or to the insurance carrier. However, as it was a report made by the assistant foreman, it is not binding as an admission

upon either the employer or the insurance carrier. It is not binding upon the employer, because an agent of a corporation cannot make such an admission. *Bell v. Milwaukee E. R. & L. Co.* 169 Wis. 408, 172 N. W. 791, and cases there cited. It is not binding upon the insurance carrier, because the assistant foreman was not even an agent of that company.

However, we find in the record a report which Mr. William Green testified he made as an officer of the employer to the insurance carrier, and in which he reports that the accident happened "in unloading forty-five horse-power steam boiler from car on sidetrack and skidding same to the ground. Boiler slipped off roller on one end, causing boiler to topple over. Mr. Green quickly cautioned the men to get out of the way, but in doing so himself stumbled over one of the skids, so the boiler in rolling over pinned his head and shoulders to the ground for a second or two until it rolled far enough to release him." This report having been made by an officer of the construction company having power and authority to speak for the company does constitute an admission on the part of the employer that the accident happened as therein stated. Such admission justifies the finding that the deceased came to his death by reason of accident occurring while unloading a forty-five horse-power boiler from a car on a sidetrack. This, however, standing alone does not justify a finding that at the time of his death he was performing services incidental to or growing out of his employment. But William Green testified that the construction company shipped a forty-five horse-power steam boiler from Green Bay to Texas to be used by the company in prosecuting the construction of the bridge in Texas. This testimony justifies the inference that this was the boiler that the deceased was engaged in unloading at the time of his death. If so, then it is clear that he was performing services incidental to and growing out of his employment. These considerations are sufficient support for

the finding of the *Industrial Commission* that at the time of his death deceased was performing services incidental to and growing out of his employment.

Other points raised by appellant are too trivial to merit discussion. We find no grounds upon which the award of the *Industrial Commission* should be set aside, and the trial court was right in entering judgment affirming the award.

*By the Court.*—Judgment affirmed.