SALVATION ARMY and another, Appellants, vs. INDUSTRIAL COMMISSION and another, Respondents.

*October 7—November 5, 1935.*

344

*Alfred E. La France* of Racine, for the appellants.

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

*V. J. O'Kelliher* of Oconto, argued orally for the respondent Dubinski.

MARTIN, J. The appellant, Salvation Army, is a religious and charitable corporation, organized under the laws of the state of Illinois, with its principal offices located at the city of Chicago. The respondent, Bogumila Dubinski, is the widow of one Alex Dubinski, and at the time in question she and her husband were residents of the city of Chicago. Alex Dubinski, age fifty-two, was at the time on relief in Chicago. The relief organization referred him to the Salvation Army, which took him to Camp Lake in Kenosha county, Wisconsin, to do carpenter work. On September 18, 1933, while so employed at Camp Lake, he sustained accidental injury resulting in his death on said date. His widow filed an application for compensation in Illinois, and an award of compensation in the sum of $3,200 was made by the Industrial Commission of Illinois on February 19, 1934.

On February 3, 1934, the widow also made application for compensation to the Industrial Commission of Wisconsin. A hearing was held and an award of compensation was made by the Industrial Commission of Wisconsin on

March 26, 1934, in the sum of $4,600, including an item of $200 for burial expense. At the hearing before the Industrial Commission held at Kenosha on March 9, 1934, it was stipulated: (1) That the Salvation Army was an employer subject to the Wisconsin compensation law on September 18, 1933; (2) that the relation of employer and employee existed at the time of the injury and death of said Alex Dubinski; (3) that the accident happened in Wisconsin. It is also conceded that at the time of the accident the Salvation Army had insured its liability under the compensation act with the Hartford Accident & Indemnity Company; that the annual average earnings of Alex Dubinski amount to the sum of $1,100; that at the time of the hearing before the Industrial Commission of Wisconsin no money had been paid under the award of the Industrial Commission of Illinois.

Appellants' counsel, by proper objection, raised the question as to the jurisdiction of the Industrial Commission of Wisconsin before taking any testimony. He contended that because of the proceedings had in the state of Illinois the matter had been adjudicated and determined, and that the Industrial Commission of Wisconsin was therefore without jurisdiction. The original copy of the award of the Industrial Commission of Illinois was offered and received in evidence. The examiner for the Industrial Commission of Wisconsin held that he had jurisdiction, and following the hearing made findings and award as above indicated. A review was had before the Industrial Commission as a body resulting in an order confirming the findings and award as made by the chief examiner. Thereupon this action was brought in the circuit court for Dane county to set aside the findings, order, and award of the Wisconsin Industrial Commission. Judgment was entered by the trial court on March 1, 1935, confirming the order of the Industrial Com-

mission. The following appears in the written opinion as filed by the trial court:

"Counsel for all the parties herein admitted in open court, upon the hearing in this court, that a judgment was entered in Illinois on the Illinois award after the award was made by the defendant Industrial Commission of Wisconsin."

Upon the oral argument in this court, it was stated that the Illinois judgment based on the Illinois award had been paid and satisfied. This statement was not denied.

The decisive issue here as to the jurisdiction of the Industrial Commission of Wisconsin was considered by this court in *Interstate Power Co. v. Industrial Comm.* 203 Wis. 466, 234 N. W. 889, and in *McKesson-Fuller-Morrisson Co. v. Industrial Comm.* 212 Wis. 507, 250 N. W. 396. In *Interstate Power Co. v. Industrial Comm., supra,* plaintiff's counsel there contended that the disposition made in that case by the Iowa commission had the effect of a judgment to which the Wisconsin court was required to give full faith and credit under sec. 1, art. IV, of the constitution of the United States, which provides:

"Full faith and credit shall be given in each state to the public acts, records, and judicial proceedings of every other state."

This court said: "It is contended by the appellant that the disposition of this case in Iowa has the force and effect of a judgment, to which this court must give full faith and credit. This might be a valid argument provided the Iowa court had any jurisdiction to effect proceedings under the Wisconsin act. We think it has not such jurisdiction. We concede the jurisdiction of the Iowa commission to determine the rights of the parties under the Iowa act, and we claim the jurisdiction of the Wisconsin commission to determine their rights under the Wisconsin act."

The facts in *Interstate Power Co. v. Industrial Comm., supra,* are identical with the facts here. In that case the con-

tract was entered into in Iowa. The employer was subject to the Iowa act and subject to the Wisconsin act. The employee was injured in Wisconsin and an award was granted employee in Iowa under the Iowa act, also an award granted in Wisconsin under the Wisconsin act. However, in the *Interstate Power Co. Case,* the Wisconsin commission credited the employer with all sums paid under the Iowa act, with reference to which this court said:

"No complaint is made of this disposition of the case. While it is not necessary in this appeal to pass upon the validity of this procedure, we see no reason why payments made, whether voluntary or in accordance with the terms of the compensation law of some other state, cannot and should not be credited by the Wisconsin commission."

In the instant case the contract of employment was made in Illinois. The employer was subject to both the Illinois and the Wisconsin compensation acts. The employee was injured in Wisconsin. An award was made both in Illinois under its compensation act and in Wisconsin under its compensation act. In *McKesson-Fuller-Morrisson Co. v. Industrial Comm., supra,* which involved the case of a Wisconsin employee who was killed in Illinois, this court said:

"We can do no more than emphasize what we think plainly appears from the cases above cited [*Interstate Power Co. v. Industrial Comm., supra; Anderson v. Miller Scrap Iron Co.* 169 Wis. 106, 170 N. W. 275, 171 N. W. 935; *Zurich Gen. Acc. & L. Ins. Co. v. Industrial Comm.* 193 Wis. 32, 213 N. W. 630; *Wandersee v. Industrial Comm.* 198 Wis. 345, 223 N. W. 837; *Val Blatz Brewing Co. v. Industrial Comm.* 201 Wis. 474, 230 N. W. 622; *New York Central R. Co. v. White,* 243 U. S. 188, 37 Sup. Ct. 247], that in all cases where compensation is sought under circumstances such as these, *the dominant consideration is whether the employee had obtained the status of an employee in this state, a status which may be attained by rendering services in this state to one who is under the Workmen's Compensation Act of this*

*state.* Having attained that status, injuries sustained while absent from the state on a mission incidental to his main employment in this state, will be compensated under our act. This is the plain theory upon which compensation was awarded in *Interstate Power Co. v. Industrial Comm. . . .* and it was there held that our compensation act attached when the employee rendered services in this state to one who was under the Workmen's Compensation Act of this state, and that the right to such compensation was not defeated by the fact that he was entitled to compensation under the laws of Iowa, the locus of his principal employment."

In the challenge as to the jurisdiction of the Wisconsin commission and courts the test is, Had the deceased in the instant case attained a status as an employee in Wisconsin? It is conceded that at the time he met with the accident resulting in his death he was rendering services in this state to one who was under the Workmen's Compensation Act of this state at the time. We hold that the instant case is ruled by the decisions of this court in *Interstate Power Co. v. Industrial Comm., supra,* and *McKesson-Fuller-Morrisson Co. v. Industrial Comm., supra.*

The proceedings and award of the Industrial Commission of Illinois are not a bar to the proceedings and award under the Workmen's Compensation Act of Wisconsin. However, the amount received by the respondent, Bogumila Dubinski, under the Illinois award must be credited on the award made in the instant case. This procedure, followed in *Interstate Power Co. v. Industrial Comm., supra,* was approved by this court. In the Restatement of the Law, under the title, Conflict of Laws, relating to Workmen's Compensation Acts, the rule is stated thus, ch. 9, § 402:

"Proceedings may be brought in a state under the Workmen's Compensation Act of that state, if it is applicable, although the act of another state also is applicable."

§ 403: "Award already had under the Workmen's Compensation Act of another state will not bar a proceeding un-

der an applicable act, but the amount paid on a prior award in another state will be credited on the second award."

Following this procedure in the instant case affords the widow and dependents of the deceased all the benefits under the Workmen's Compensation Act of this state.

*By the Court.*—Judgment reversed. Record remanded, with directions to the circuit court to return record to the Industrial Commission for further proceedings to determine the amount paid under the award made by the Industrial Commission of Illinois and to credit such sum on the award made by the Industrial Commission of Wisconsin.

FAIRCHILD, J. (*dissenting*). The result reached may be consistent with the general purpose which forms the basis of compensation for injuries sustained in industry, but where one has obtained a status as an employee in Wisconsin, and is completely within the terms of the act, it does seem, logically, to follow that he is then entitled to the full benefits thereof. In *Interstate Power Co. v. Industrial Comm.* 203 Wis. 466, 234 N. W. 889, we conceded the jurisdiction of the commission of a sister state to determine the rights of the parties under that state's act. At the same time we emphasized our duty to recognize the jurisdiction of the Wisconsin commission to make its determination of the rights involved under the Wisconsin act. In *McKesson-Fuller-Morrisson Co. v. Industrial Comm.* 212 Wis. 507, 250 N. W. 396, we said: "Neither is it for courts to concern themselves over the prospects of double liability." In that case, in commenting on the *Interstate Power Co. Case,* where the claimant was willing to allow as a credit the amount paid in Iowa, we called attention to the fact that it was proper for the Industrial Commission to take prior awards made in other states into consideration, and give credit to the employer for such amounts as he has paid under the acts of other states. The commission can approve of compromises,

but it cannot force them to the extent of taking one's right away against his consent. Sec. 102.16, Stats. And it should be noted that in the *Interstate Power Co. Case* we said, on the question of double compensation: "That question is not properly involved in this case, for the reason that the commission credited the employer with all sums paid under the Iowa act," and in further comment of the *Interstate Power Co. Case,* we said, in *McKesson-Fuller-Morrisson Co. v. Industrial Comm., supra,* upon this same point: "That is a matter for the legislature to deal with." It seems to me, that if we are guided by those two cases in making an analysis of the situation presented on this appeal, we must reach the conclusion that the award of the commission, allowing full compensation under the Wisconsin act, should be permitted to be effective, and the judgment unconditionally affirmed.