JUTTON-KELLY COMPANY and another, Appellants, vs. INDUSTRIAL COMMISSION and another, Respondents.

*December 6, 1935—January 7, 1936.*

For the appellants there was a brief by *Sanborn, Blake & Aberg, Philip G. Sanborn,* and *Charles A. Winding,* all of Madison, and oral argument by *Mr. W. J. P. Aberg* and *Mr. Philip G. Sanborn.*

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

For the respondent Jansen there was a brief by *La Follette, Rogers & Roberts* and *John Ernest Roe,* all of Madison, and oral argument by *Mr. Roe.*

FRITZ, J. On May 5, 1930, the defendant, Jansen, who, on that date and continuously for many years preceding, was a resident of this state, was injured while temporarily working in the state of Michigan for the plaintiff, Jutton-Kelly Company, which was a Wisconsin corporation, and had its principal office and place of business in this state. Jansen did not file any application in Wisconsin for workmen's compensation under the laws of this state until June 13, 1934; but he was paid $18 per week for two hundred and fifteen weeks by the plaintiff, Hartford Accident & Indemnity Company, his employer's insurer, under a contract which was signed by him and the insurer under date of September 4, 1930. That contract was on a printed form prepared by the department of labor and industry of Michigan, and it was stated therein that it was in accordance with the Michigan

compensation act. Jansen's application for an award by the Wisconsin Industrial Commission was opposed by the plaintiffs in the proceedings before the commission, as well as in the subsequent trial in circuit court and on this appeal, on the grounds, (1) that he and his employer were not subject to the Wisconsin compensation act at the time of his injury; and (2) that his claim for compensation was barred by sec. 102.12, Stats.

In respect to the first ground, the examiner, in making a temporary award which was affirmed by the Industrial Commission, concluded that the Industrial Commission of this state had jurisdiction to make an award "where the offer of employment was made and accepted in Wisconsin, by residents of Wisconsin, even though the injury takes place in another state." That conclusion was based on findings of fact made by the examiner in detail, which were supported by credible evidence, and under which the ultimate facts were that, at the time of the injury, Jansen was in the employ of the Jutton-Kelly Company by reason of his acceptance, in Wisconsin, on about February 17, 1930, of a definite offer of employment by the Jutton-Kelly Company which it, on February 15, 1930, had authorized the Joseph McCarthy Construction Company, located at Kaukauna, Wisconsin, to make as its agent to Jansen; and that, immediately upon his acceptance of that offer, and in furtherance of the resulting contract of employment, he went to Detroit and worked there for the Jutton-Kelly Company under that contract until he was injured on May 5, 1930. Upon those facts, the examiner and the commission rightly concluded that, when Jansen was injured, the status of employee and employer existed between him, as an employee whose residence was in Wisconsin, and the Jutton-Kelly Company, a Wisconsin corporation, which had become his employer under a contract of employment entered into between them in this state; and that the existence of that status, created under those circum-

stances, warranted the conclusion that they were both under the Wisconsin Workmen's Compensation Act at the time of the injury, even though no work was performed by Jansen within this state. *Val Blatz Brewing Co. v. Industrial Comm.* 201 Wis. 474, 230 N. W. 622; *Interstate Power Co. v. Industrial Comm.* 203 Wis. 466, 234 N. W. 889; *Anderson v. Miller Scrap Iron Co.* 169 Wis. 106, 170 N. W. 275, 171 N. W. 935; *Zurich G. A. & L. Ins. Co. v. Industrial Comm.* 193 Wis. 32, 213 N. W. 630; and *McKesson-Fuller-Morrisson Co. v. Industrial Comm.* 212 Wis. 507, 250 N W. 396.

In relation to the plaintiffs' second ground of objection to an award, the ultimate facts, as found by the examiner and adopted by the commission, and upon which the examiner and the commission' based their conclusion that Jansen's claim was not barred by the statute of limitations, were: "That the applicant sustained injury on May 5, 1930, and application for hearing was filed with this commission, on June 13, 1934; . . . that compensation has been paid by the respondent under the provisions of the Michigan Workmen's Compensation Law at the rate of $18 per week for two hundred and fifteen weeks, the last payment being made during 1934." Those findings were based on proof that, under date of September 4, 1930, Jansen had signed a' contract, which was on the official printed form of the department of labor and industry of the state of Michigan, and in which it was provided that for the injuries sustained by him on May 5, 1930, the Hartford Accident & Indemnity Company, as insurer for the Jutton-Kelly Company, was to pay compensation to him at the rate of $18 per week during disability of two hundred and fifteen weeks; that the rate of compensation must not be changed except by supplemental agreement approved by the Michigan commission or by an award in accordance with the provision of the Michigan Workmen's Compensation Act. It was also proven that all

of those weekly payments of $18, calculated pursuant to the Michigan act, had been made to Jansen in Wisconsin.

Plaintiffs contend that, inasmuch as those payments to Jansen were made pursuant to the provisions of the Michigan Workmen's Compensation Act and not as payments of workmen's compensation under the Wisconsin act, and no application had been filed under the latter act within two years from the date of injury, no award could be made on his application, filed on June 13, 1934, because he could not establish, as was necessary for him to do in order to avoid the bar of the two-year limitation in sec. 102.12, Stats. (see margin),[1] and to be entitled to have the period of six years within which to proceed, as recognized in sec. 102.17 (4), Stats. (see margin),[2] that compensation under the Wisconsin act had been paid to him.

Those contentions are well warranted by the fact that the word "compensation," as used in those sections, and throughout the entire chapter constituting the "Workmen's Compensation Act," is expressly defined to mean "workmen's

[1] Sec. 102.12, Stats.: "No claim for compensation shall be maintained unless, within thirty days after the occurrence of the injury or within thirty days after the employee knew or ought to have known the nature of his disability and its relation to his employment, actual notice was received by the employer or by an officer, manager or designated representative of an employer. If no representative has been designated by posters placed in one or more conspicuous places, then notice received by any superior shall be sufficient. Absence of notice shall not bar recovery if it is found that there was no intention to mislead the employer, and that he was not misled thereby. Regardless of whether notice was received, if no payment of compensation (other than medical treatment or burial expense) is made, and no application filed with the commission within two years from the date of the injury or death, or from the date the employee or his dependent knew or ought to have known the nature of the disability and its relation to the employment, the right to compensation therefor shall be barred."

[2] Sec. 102.17 (4), Stats.: "The right of an employee, his legal representative or dependent to proceed under this section shall not extend beyond six years from the date of the injury or death or from the date that compensation (other than medical treatment or burial expenses) was last paid, whichever date is latest."

compensation" in that portion of sec. 102.01 (2), Stats., which reads:

" 'Act' as used in this chapter means 'chapter;' 'compensation' means workmen's compensation; . . ." and the term, "workmen's compensation," is, in turn, expressly defined in that portion of sec. 102.01 (1), Stats., which reads: ". . . allowances, recoveries and liabilities under or pursuant to this act constitute and may be known, designated and referred to as 'Workmen's Compensation.' "

Those unambiguous definitions preclude holding that the word "compensation," as used in the "Workmen's Compensation Act," means or includes anything other than "workmen's compensation" consisting of "allowances, recoveries and liabilities under or pursuant to this act." To hold otherwise would disregard legislative definitions designed to promote certainty, and would render the meaning and scope of those terms uncertain and indefinite. Thus, in sec. 102.12, Stats., which has the conditional provision, "if no payment of compensation . . . is made" (which the respondents contend means any payment whatsoever made by an employer to compensate for a wage loss resulting from injury, regardless of whether he had the subjective intention of making such payment under the Wisconsin Workmen's Compensation Act), the word "compensation" is used in two other clauses in which it was clearly not intended to mean anything other than the payment of workmen's compensation under or pursuant to the Wisconsin act. Obviously, nothing other than that could have been intended by the legislature in using the word "compensation" in the clauses, "no claim for compensation shall be maintained unless," and "the right to compensation therefor shall be barred," which constitute, respectively, the opening and closing words in sec. 102.12, Stats. It is certainly highly improbable that the legislature, in using the word "compensation" without any qualification, in the intermediate conditional provision, "if

no payment of compensation . . . is made," which is in that same section, intended that the meaning of that word as used in that conditional provision was other than the statutory meaning which it clearly has as it is used in the preceding and subsequent clauses. Consequently, as the payments to Jansen were for compensation under and in accordance with the Michigan act, and not for compensation under or pursuant to the Wisconsin act, those payments were not the payment of "compensation" within the meaning of that word as used in sec. 102.12, Stats., and, therefore, Jansen's claim had become barred by the statute of limitations when he filed his application on June 13, 1934.

In *Pellett v. Industrial Comm.* 162 Wis. 596, 156 N. W. 956, relied upon by the defendants, no consideration appears to have been given to the statutory definition in sec. 102.01, Stats., of the word "compensation," and the applicability of that definition to that word wherever it is used, without qualification, in the Workmen's Compensation Act. Likewise, in *Interstate Power Co. v. Industrial Comm., supra,* and *Salvation Army v. Industrial Comm.* 219 Wis. 343, 263 N. W. 349, there was no occasion to pass upon the meaning of the word "compensation" as used in that act. We reached the conclusion that the amount received as compensation under an award of compensation made in another state must be credited on an amount subsequently awarded in this state because of equitable considerations; and no question as to the meaning of the word "compensation" was considered. It follows that the judgment must be reversed, and that the application must be dismissed.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment setting aside the award of the Industrial Commission.