SCHOOLEY and another, Appellants, vs. INDUSTRIAL COMMISSION and others, Respondents.

*January 18—February 13, 1940.*

*Carlyle B. Wurster* of Merrill, for the appellants.

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

ROSENBERRY, C. J.   In 1937, the plaintiffs, residents of Wisconsin, carrying on logging operations exclusively in the state of Michigan, employed Arnold Dahlke to work in their Michigan camps.   John Dahlke, a brother of Arnold, was an employee of the plaintiffs and was visiting at his home in Wisconsin.   He took his brother Arnold with him, met one of the partners at Argonne, Wisconsin, near the Michigan-Wisconsin boundary, and there the arrangement for the employment of Arnold was made.   Arnold proceeded to the camps in Michigan, entered upon his employment, and on October 14, 1937, sustained injuries in the course of his employment from which he died.   The Employers Mutual Liability Insurance Company had issued a policy of workmen's compensation insurance to the Patten Timber Company with indorsement covering employees of the plaintiffs under the Michigan compensation act only.

On August 17, 1938, the examiners found that the deceased was an employee subject to the Wisconsin compensation act.   Findings of the examiners were set aside in order to permit the plaintiffs to offer further proof, but none being offered, the findings and order were reinstated and became the findings and order of the commission.

The question presented for decision is, Were the plaintiffs under the Wisconsin compensation act?   The commission and the trial court grounded the liability of the plaintiffs upon the fact that they were residents of Wisconsin, that Arnold Dahlke was a resident of Wisconsin, and that the contract of employment was made in the state of Wisconsin, and cited *Interstate Power Co. v. Industrial Comm.* (1931) 203 Wis. 466, 234 N. W. 889; *Wandersee v. Industrial Comm.* (1929) 198 Wis. 345, 223 N. W. 837; and *Val Blatz Brewing Co. v. Industrial Comm.* (1930) 201 Wis. 474, 230 N. W. 622, in support of their determination.   As has been observed in a number of cases, the application of workmen's compensation laws to the varied activities of industry which

are in no way limited by state boundaries present many interesting and very difficult questions.

In *Anderson v. Miller Scrap Iron Co.* (1919) 169 Wis. 106, 170 N. W. 275, 171 N. W. 935, the employee was a resident of Wisconsin, an employee of the company. Nearly all of his services had been rendered in the state of Wisconsin, but at the time of his injury he was across the line in Michigan gathering scrap under the personal direction of his employer. It was held that the parties were under the compensation act.

In *Zurich G. A. & L. Ins. Co. v. Industrial Comm.* (1927) 193 Wis. 32, 213 N. W. 630, the president of a Wisconsin construction company went from Wisconsin to Texas to take charge of the erection of a bridge. While there and while in the course of his employment he was killed. It was held that the parties were subject to the act.

In *Val Blatz Brewing Co. v. Industrial Comm., supra,* the Val Blatz Brewing Company was a Wisconsin corporation, doing business in Milwaukee, hired Gerard to sell its products in Missouri and Arkansas, and while in the course of his employment he was struck and killed, and the parties were held to be subject to the act. The services of Gerard had a direct connection with Wisconsin business and were performed in promoting the sale of Wisconsin products. He performed exactly the same services in Arkansas that he performed within the state of Wisconsin, the only distinction being the place of performance.

In *Jutton-Kelly Co. v. Industrial Comm.* (1936) 220 Wis. 127, 264 N. W. 630, Jensen, a resident of Wisconsin, was employed by the Jutton-Kelly Company, a Wisconsin corporation, which had its principal office and place of business in the state of Wisconsin. He commenced work in February, 1930, and was injured on May 5th. It was there held that he was subject to the Wisconsin act.

It is considered that there is one fundamental distinction between these cases and the case at bar. In this case the

plaintiffs were themselves employees under a contract with the Patten Timber Company. The work that they did for the Patten Timber Company had no relation of any kind or character to Wisconsin business. In the course of their employment and in order to perform their contract they hired men to assist them. No one would go so far as to claim that the Patten Timber Company was thus brought under the Wisconsin act. If the plaintiffs were under the Wisconsin act, under the terms of that act the principal contractor is likewise under the act under certain circumstances. If the principal contractor is not under the act, why not? It would seem clear that the Wisconsin act has no relation or application to the business carried on wholly within the state of Michigan where that business has no connection with any business or industry within the state of Wisconsin.

It is considered that this case is ruled by *Wandersee v. Industrial Comm., supra.* There Wandersee, a resident of the state of Minnesota, was employed to buy hides and furs in Minnesota and South Dakota. The contract was made at Chippewa Falls, Wisconsin, where his employer lived. After his employment he drove his employer's car, which he was to use in the performance of his duties, to the state of Minnesota. While performing service in Minnesota he was injured. The court said (p. 347) :

"To constitute a person an employee under the provisions of the act such person must render service for another in the state of Wisconsin under a contract of hire, express or implied, oral or written. Until he performs service for another in the state of Wisconsin he is not an employee. The terms of the act do not affect him and he is not bound by it."

In *Salvation Army v. Industrial Comm.* (1935) 219 Wis. 343, 263 N. W. 349, the principle of the *Wandersee Case* was affirmed. While the language of the *Wandersee Case* is broad, and has been restricted somewhat in subsequent cases, it is still the law. It has not yet been held that a Michigan employer comes under the Wisconsin act because he steps

across the state line to make a contract of service to be rendered in Michigan in connection with a Michigan operation. If the judgment in this case should be affirmed an employer would not dare to hire men beyond the state boundary. If he did he would be subject to the compensation acts of two states.

*By the Court.*—Judgment appealed from is reversed, and cause remanded with directions to set aside the award of the commission.