Opinion by
Mr. Justice Hall.
The parties appear in reverse order of their appearance in the trial court. We refer to defendant in error as the Claimant, and to the plaintiffs in error as follows:
Industrial Commission of Colorado as the Colorado Commission; Light Grain and Milling Co., Inc., as Light, and Lumberman’s Mutual Casualty Company as Lumbermen.
In proceedings before the Colorado Commission, the Claimant, Light and Lumbermen stipulated that they desired to have the Colorado Commission determine only one question: Whether Claimant’s claim is barred by the statute of limitations, C.R.S. ’53, 81-13-5, such determination to be made on the law and the following pertinent stipulated facts:
1. Claimant entered into a contract of employment with Light in Kansas prior to August 28, 1957.
2. On August 28, 1957, Claimant, in Kiowa County, Colorado, sustained injuries arising out of and during the course of his employment.
3. That thereafter Claimant received Workmen’s Compensation payments, and medical benefits of $2,500.00, under the Workmen’s Compensation Act of Kansas, said *459 compensation payments commencing August 28, 1957, and ending in the month of January I960; payments were made and received pursuant to an award (attached as an exhibit) of the Workmen’s Compensation Commissioner of the State of Kansas for temporary total disability and permanent partial disability.
4. That Claimant, on June 22, 1960, filed his claim for compensation with the Colorado Commission.
5. That Kansas counsel represented Claimant in all Kansas proceedings, and that Claimant has been represented by counsel in Colorado since June 29, 1959.
The Kansas award of compensation is dated December 17, 1959; therein Claimant was awarded compensation for seventy weeks’ temporary total disability; 50% permanent partial general disability for 345 weeks — a total of $10,577.20. This amount less $2,380.00 heretofore paid, less discount for lump sum payment, leaving a balance of $7,845.55, was ordered paid in one lump sum: “in full and final settlement of any and all claims for any and all disability incurred by claimant, as a result of the accidental injury of August 28, 1957.”
Proceeding pursuant to the stipulation a referee of the Colorado Commission determined that it did not have jurisdiction to hear the claim “due to his [claimant’s] failure to file said claim within two years after he sustained his industrial injury.”
This determination became the final award of the Colorado Commission.
Review of this award was had in the District Court of the City and County of Denver, where judgment was entered in favor of the Claimant and the award ordered vacated.
The Colorado Commission, Light and Lumbermen are here by writ of error seeking reversal and reinstatement of the award of the Colorado Commission.
The problem presented for solution has not previously been before this court, and there are very few decisions of other courts which deal with the problem.
*460 All parties agree that the jurisdiction of the Colorado Commission to hear and determine claims for compensation and benefits is found in C.R.S. ’53, 81-13-5. The pertinent portion of this statute is as follows:
“* * * The right to compensation and benefits, as provided by this chapter, shall be barred unless within six months after the injury * * * a notice claiming compensation shall be filed with the commission. This limitation shall not apply to any claimant to whom compensation has been paid * * (Emphasis supplied.)
Claimant contends that he, having filed his claim with the Colorado Commission within six months of the date of payment of compensation under the Kansas act, has complied with the terms of the Colorado act which excuses late filing by a “claimant to whom compensation has been paid.”
Thus the problem is narrowed to the single question of whether the Colorado Legislature, in using the words “to whom compensation has been paid,” intended such words to cover all payments from any source or place, or to apply only to payments made pursuant to requirements of the Colorado law and in satisfaction of the obligations imposed upon Colorado employers?
We conclude that payments received and paid pursuant to orders of the Kansas Commission in full satisfaction of obligations imposed on Light and Lumbermen by Kansas law do not come within the purview of, or indicate any intention on the part of, the General Assembly in using the words “compensation paid” to mean Kansas compensation payments. Such words refer only to amounts paid to discharge obligations imposed on the employer by the Colorado statute.
It is observed that the parties stipulate that Claimant received “Workmen’s Compensation payments” under the Kansas act as appears in the Kansas award, as evidenced by Exhibit A.
Exhibit A discloses that Claimant was paid compensation for seventy weeks (until about January 1959), *461 at $34.00 per week — total $2,380.00. The amount received in January 1960, $7,845.55, was ordered paid: “in full and final settlement of any and all claims for any and all disability incurred by claimant, as a result of the accidental injury of August 28, 1957.”
When Light or Lumbermen paid, and Claimant received this amount, such payment was made and received as satisfaction of an award in compliance with a mandate to pay money, not as compensation, but as final settlement of all claims for disability.
Counsel have called to our attention two cases which deal with the problem here presented. Counsel for Light and Lumbermen rely upon Julton-Kelly Co. v. Industrial Commission, 220 Wis. 127, 264 N.W. 630. Counsel for the Claimant rely on Industrial Indemnity Exch. v. Industrial Accident Com’n, 80 Cal. App. (2d) 480, 182 P. (2d) 309 (1947).
In the later case the claimant, a resident of California, had been hired in California to work in Utah. While working in Utah, on October 26, 1944, he suffered compensable injuries and was paid $16.00 per week under the Utah statute by the Utah State Insurance Fund, employer’s insurance carrier, which carrier accepted liability and made payments without any formal award. Claimant returned to California and, on June 12, 1945, seven and one-half months after the injuries, but less than six months after the last payment by the Utah State Insurance Fund, filed, in California, his claim for compensation.
The California Code provides that claims must be filed within:
“Six months from date of injury, or from the date of the last payment of any compensation, * * (Emphasis supplied.)
There the Commission held that the last Utah payment was a payment of compensation as contemplated in the statute, and served to bring the filing of the claim within the statutory period.
*462 The court reasoned that the California insurance carrier, in seeking to have the Utah payments credited on the amount to which the claimant was entitled under California law because of his injuries, could not take inconsistent positions in claiming the Utah payments should be credited as compensation paid against any California award of compensation and at the same time contend that the Utah payments were not payments of compensation in order to defeat the California claim on the ground that it had not been filed within the time fixed by statute.
We feel that the facts in the California case are at wide variance from the facts here, and that the reasons assigned by the California court for its conclusion are not applicable here, as will more fully appear later.
In the Julton-Kelly case, supra, the contract of employment was entered into in Wisconsin by the claimant and Julton-Kelly Co., a Wisconsin corporation. The claimant was injured May 5, 1930, while temporarily working in Michigan. Following his injuries the claimant entered into a written contract with the Employer’s Insurance Carrier, whereby it was provided the claimant should receive $18.00 per week for 215 weeks. This contract was on a printed form prepared by the Department of Labor and Industry of the State of Michigan, wherein it was recited that it was in compliance with the Michigan Compensation Act.
On June 13, 1934, the claimant filed his claim for compensation in Wisconsin for the Michigan injuries. This claim was filed more than four years after the injuries, but within six months of the last payment made pursuant to the Michigan agreement calling for payment for 215 weeks at $18.00 per week.
The portion of the Wisconsin Act dealing with the time for filing claims provides:
“Regardless of whether notice was received, if no payment of compensation * * * is made, and no application filed with the commission within two years from the *463 date of the injury or death, or from the date the employee or his dependent knew or ought to have known the nature of the disability and its relation to the employment, the right to compensation therefor shall be barred.” (Emphasis supplied.)
The Wisconsin Industrial Commission found that the payments made pursuant to the Michigan contract constituted “payment of compensation” within the meaning of the above Act, and therefor the claim was filed in apt time. The Circuit Court affirmed the Commission and on appeal the Supreme Court reversed and remanded the cause with directions to enter judgment setting aside the award of the Industrial Commission. The court said:
“* * * Consequently, as the payments to Jansen were for compensation under and in accordance with the Michigan act, and not for compensation under or pursuant to the Wisconsin act, those payments were not the payment of ‘compensation’ within the meaning of that word as used in section 102.12, Stats., and therefore Jansen’s claim had become barred by the statute of limitations when he filed his application on June 13, 1934.”
In the case before us the Claimant sought compensation as provided by Kansas law; he sought to be compensated for loss of wages at the Kansas rate and pursuant to Kansas procedure. His wages were earned pursuant to a contract of employment negotiated in Kansas. The amounts paid to Claimant here were not voluntary, nor were they made without formal award as was the case in Industrial Indemnity Exch. v. Industrial Accident Com’n, supra. Rather, the January 1960 payment to Claimant was ordered paid by the Kansas Commission “in full and final settlement of any and all claims for any and all disability incurred by claimant.” Payment as directed constituted satisfaction of an “award”; it relieved Light and Lumbermen of their Kansas obligations and had nothing whatever to do with their rights or obligations under the Colorado statute.
*464 It would indeed be a very strained construction of the Colorado statute to say that the Kansas payments constitute payment of compensation as contemplated by the Colorado compensation act. Surely the General Assembly, in adopting C.R.S. ’53, 81-13-5, was thinking and talking about compensation as provided by the Colorado law — not the Kansas compensation law or that of any other state.
The Claimant had the right to seek redress in Kansas, as he did; he could have sought redress in Colorado within the time specified; he could have filed his claim in both states, or possibly elsewhere, so he was not without ample remedy and proper forums in which to seek relief, providing he proceed within the time and in accordance with prescribed procedures.
We hold that the finding of the Commission that: “ * * * Compensation which he [claimant] received from that source [Kansas] most certainly was not such compensation as was considered by the Colorado Legislature when it enacted Section 84 of the Workmen’s Compensation Act.” is a proper and correct finding that the award of the Colorado Commission denying the claim is correct.
The judgment is reversed and the cause remanded to the trial court with directions to reinstate the award of the Colorado Commission.
Mr. Chief Justice Day and Mr. Justice Pringle concur.