No. 15,873.

Zlaten *v.* Zlaten.
(186 P. [2d] 583)

Decided November 3, 1947.

Mr. EDWARD V. DUNKLEE, Mr. GEORGE F. DUNKLEE, Mr. DAVID V. DUNKLEE, for plaintiff in error.

Messrs. RINN & CONNELL, for defendant in error.

MR. JUSTICE LUXFORD delivered the opinion of the court.

THIS is a proceeding in which, April 28, 1944, a wife filed a complaint against defendant praying for a decree of absolute divorce. May 29, 1944, defendant filed his answer in which he asked that the complaint be dismissed. June 7, 1944 the court entered an interlocutory decree in favor of plaintiff and therein it was "further ordered adjudged and decreed * * * that the property rights and financial relief to be granted herein are reserved for further order of the court." June 26, 1944, the court entered its order of division of property between the parties. July 10, 1945 final decree of divorce was entered by the court in which it was provided, "that the terms of the order of the court with reference to property settlement entered on the 26th day of June, 1944, be complied with by both of the parties herein." October 1, 1946, defendant filed his motion to reopen the case, and October 14, 1946, plaintiff moved to strike the same, which motion was sustained by the court on October 28, 1946.

The decisive question involved is: Does a court have "continuing jurisdiction" to modify a property settlement order contained in a final decree of divorce? The trial court held that it had not, and this ruling is assigned as error. The parties will be mentioned herein as they appeared below.

The court had authority to "determine the property rights of the parties or decree a division of property upon such terms and conditions as the court shall deem

just." '35 C.S.A., c. 56, §28. This the court did, and its order was, by reference, made a part of the final decree of divorce.

No motion for a new trial was filed, nor was any order entered dispensing with the same. No motion for relief from the judgment or order was filed within six months under the provisions of Rule 60 C (b) of our rules of civil procedure, neither was any writ of error issued or sought within twelve months after the entry of judgment as required by Rule 111 R.C.P. Colo., and section 20, chapter 56, '35 C.S.A.

■ It is contended however that the court had "continuing jurisdiction" to modify the property settlement order. With this we do not agree. We have many times held that a trial court has continuing jurisdiction over the payment of alimony, and this principle was reaffirmed in *Hall v. Hall,* 105 Colo. 227, 97 Pac. 415; wherein we said at page 235: "In the case of *Stevens v. Stevens,* 31 Colo. 188, 72 Pac. 1060, we for the first time decided (Mr. Justice Steele dissenting) that the court has continuing jurisdiction over the payment of alimony. We have adhered to this ruling in a number of cases, and it may be assumed as the settled law of this state. * * * We never have held that a property settlement agreement, and especially a trust agreement, such as that before us, may be cancelled and set aside."

■ There was no provision for alimony in the case at bar and the court in the Hall case, supra, specifically held that: "There being no, provision for alimony, as such, in the decree, there was no basis for modification. To accept the contention of plaintiff here would mean that under no circumstances can the wife be assured of contractual security. Factors over which she has no control would be permitted to disturb this security."

"We think that the trust agreement involved herein is such a property settlement of the parties as is binding upon them. The cancellation of the trust agreement,

under the circumstances here, was an invasion of the contractual rights of defendant and an arbitrary exercise of judicial power." Confirming the foregoing, and speaking through Mr. Justice Jackson, we said in *International Trust Company v. Liebhardt,* 111 Colo. 208 (139 P. [2d] 264): "In the instant case it can be said that the contract and decree that adopted it has been fully executed through an agreement that by its terms has now become self-operative, and there is nothing in the decree to be modified."

The property settlement order entered by the court in the case at bar was as binding on the parties as was the trust agreement in the Hall case. Agreements of parties to a divorce suit adjusting their property rights, in order to become effective, must be approved by the court, and made a part of the final decree of divorce. The court has authority to approve, modify or reject all such agreements. It makes no difference whether the property settlement which becomes a part of the final decree was made by contract between the parties approved by the court, or was a determination of the property rights of the parties by the court itself. Both are equally effective.

The judgment is affirmed.

MR. JUSTICE HILLIARD and MR. JUSTICE JACKSON concur.