No. 18,275.

BONNIE E. McCOY *v.* MAX M. McCOY.
(336 P. [2d] 302)

Decided March 9, 1959.

Mr. WILLIAM E. DOYLE, for plaintiff in error.

Messrs. VAN CISE & VAN CISE, for defendant in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

WE will refer to plaintiff in error, defendant in the trial court, as the wife, and to defendant in error, plaintiff in the trial court, as the husband. Counsel appearing in this court on behalf of the wife did not represent her in the trial court.

The husband filed his complaint seeking a divorce. The wife in her counterclaim asked for a decree of divorce. On the second day of the trial as a contested case, the wife asked leave to withdraw her counterclaim and to allow the cause to proceed noncontested. Thereupon further evidence was taken and an interlocutory decree of divorce was granted to the husband on the grounds of cruelty. The interlocutory decree was signed on November 29, 1956, nunc pro tunc as of November 27, 1956, and contained the following:

"It is Further ORDERED, ADJUDGED and DECREED by the Court that on stipulation of the parties, hearing on division of property shall be December 6, 1956 at which time matters pertaining to possession shall be de-

termined and matters pertaining to title shall be decided but the latter to be effective on entry of final decree. ❊ ＊ ＊ ＂

The reporter's transcript contains the following statement which was made in open court and agreed to by counsel in the presence of their clients:

"It has now been stipulated between counsel, subject to approval of the Court, that this matter shall cease being a contested matter at this point; that the defendant withdraws her answer and counterclaim, and consents to allowing the matter to proceed on a non-contested basis by the plaintiff; that the testimony shall be offered in connection with the charge of cruelty, and that if the Court, on hearing the testimony, makes a finding in favor of the plaintiff, the decree shall enter in his favor, but that thereafter and within the next few days, at a time to be arranged between counsel and Judge Frantz, Judge Frantz will consent to hear the only other matter remaining in the case, which is the question of division of property, all other matters being resolved or withdrawn; and that on the division of property, any matters involving possession could be effective immediately, and any matters involving title would, of course, only become effective upon final decree, or immediately after final decree."

Pursuant to the foregoing stipulation, on December 6, 1956, the trial court heard evidence relating to the division of property and at the conclusion of the hearing entered a detailed order settling all property rights as between the parties; the portions of the order relating to possession were given immediate effect and those relating to ownership to be effective only upon the date of entry of the final decree.

The wife, obviously displeased with the division of property as ordered by the Court, secured other counsel who appears in her behalf in this court. He filed a motion in the trial court to set aside the order and judgment dividing the property. Grounds of the motion were

that the interlocutory decree was entered November 27, 1956; that the hearing on division of property was held December 6, 1956; that the order for the entry of judgment dividing the property was issued January 7, 1957; and that all of this transpired prior to the entry of a final decree of divorce, and since the court lacked power to divide property prior to final decree the judgment and order were nullities. March 21, 1957, this motion was denied.

The wife, seeking review of the judgment, brings the cause here by writ of error.

Question to be Determined.

*In a divorce action, following entry of an interlocutory decree but prior to the final decree, does a trial court have jurisdiction to hear and determine property rights and to order a division of property between the parties to be effective as of the date of the entry of final decree, the parties to the action stipulating that the trial court may thus hear and determine such issues?*

█ The question is answered in the negative. The statutes pertinent to the issue are C.R.S. 1953, 46-1-9, where we find, inter alia:

"If, however, a divorce ought to be granted, the court shall enter an interlocutory decree, providing that the parties to such action shall be divorced six months after the date of such interlocutory decree. *During such six months period the parties shall not be divorced* and neither party shall contract another marriage during such period. During such period the court, upon motion or petition of either party to the action, or upon its own motion, for good cause shown after a hearing, may set aside such interlocutory decree." (Emphasis supplied.)

And 46-1-5, where we find in pertinent part the following:

"When a divorce has been granted the court may * * * decree a division of property."

█ Until the final decree has been entered no divorce has been granted, hence under these statutory

provisions the trial court was without power to hold a hearing on property rights or to order a division of the property of these parties. It was without jurisdiction to do that which, as long as the status of husband and wife remained, could not be done by any court. It is fundamental that jurisdiction of the subject matter and of the parties involves power or authority to hear and determine the matter in controversy. However, under pertinent statutes the court here lacked authority, and no stipulation of counsel can operate to confer power or jurisdiction where it does not exist.

■ No one would seriously contend that by stipulation of counsel the trial court could enter a final decree of divorce at the interlocutory hearing. The necessity for the lapse of six months and the entry of a final divorce decree is just as essential to the power of the court to order a division of property as the six months waiting period is necessary to authorize the entry of a final decree. The reason in each instance is that the policy as declared by the legislature provides a six months period within which the marriage may be preserved. Furthermore, it is axiomatic that a dissolution of the marriage must be effective before any court has power to decree a division of property between husband and wife. *Ikeler v. Ikeler,* 84 Colo. 429, 271 Pac. 193, is authority for this rule which is well established generally throughout the country. The recent case of *Vines v. Vines,* 137 Colo. 449, 326 P. (2d) 662, is authority for the proposition that generally there can be no property division as long as the marriage status remains. While that case was a separate maintenance action all the reasoning in the opinion is applicable to the instant case. Numerous authorities are cited therein from this and other jurisdictions and no good purpose would be served by repeating them in this opinion.

■ The attempt of the trial court to defer title matters until after the final decree, upon the assumption that property is not divided until title passes, does not

alter the result. The decree purports in fact to declare ownership and rights, equitable and legal, and to transfer possession. Those provisions of the decree which transfer possession of personalty, beyond question divide the property. Possession of personal property is after all the principal aspect of ownership, and to argue that a true division has not occurred because the passing of bare legal title is theoretically deferred pending entry of the final decree of divorce, is superficial. By whatever name or title it be designated the decree still effects a division of property.

■ If jurisdiction cannot be exercised directly, the court will not approve its exercise by an indirect method. *City and County of Denver v. Sheriff, et al.,* 105 Colo. 193, 96 P. (2d) 836. It is equally fundamental that jurisdiction cannot be conferred by consent, nor can lack of jurisdiction be waived. *U.S.F.&G. Company, et al. v. Industrial Commission, et al.,* 99 Colo. 280, 61 P. (2d) 1033. See also *Industrial Commission, et al. v. Plains Utility Company, et al.,* 127 Colo. 506, 259 P. (2d) 282; and *Avery v. County Court of Gilpin County, et al.,* 126 Colo. 421, 250 P. (2d) 122.

The judgment is reversed.

MR. JUSTICE FRANTZ and MR. JUSTICE DOYLE not participating.