No. 19,022.

DONALD F. MAGARRELL *v.* VIOLA A. MAGARRELL.

(355 P. [2d] 946)

Decided October 10, 1960.

Mr. B. F. NAPHEYS, JR., for plaintiff in error.

Mr. ANTHONY F. ZARLENGO, for defendant in error.

*In Department.*

PER CURIAM.

THIS action is before the court on writ of error from a judgment of the trial court refusing to modify a property division agreement entered into between the plaintiff wife and defendant husband which became part of a final decree of divorce entered November 5, 1956. We shall refer to the plaintiff in error as husband and the defendant in error as wife.

Prior to the entry of the interlocutory decree in the divorce action, the parties entered into a contract settling all of their rights and obligations arising out of the marriage relationship. This agreement was incorporated verbatim in the interlocutory decree and was approved by the court. The final decree was upon the same terms and conditions as were set forth in the interlocutory decree.

By the terms of the agreement, the wife was to receive $50,000.00 in cash, to be paid to her after the sale of the family home. She also received all the furniture and furnishings, jewelry, et cetera, together with a Chevrolet automobile and $1,000.00 maturity value of Series E Bonds.

The husband received a 1953 Pontiac and all other assets listed and standing in his name, including securities, stocks, bonds, cash in the bank, except the life insurance policies which are the subject matter now before us.

The husband was required to pay the wife $700.00 per month alimony, with the specific stipulation that said alimony should be payable until the death of either of the parties to the agreement or the remarriage of the wife. The agreement provided further that the husband should irrevocably assign to his wife the insurance policies on his life, with all their value, rights and privileges and incidents of ownership; and to thereafter keep

the said policies in full force and effect according to their terms and to pay the premiums on the policies promptly when due and not to borrow against them or encumber them in any manner.

On July 8, 1958, the wife remarried; and on July 28, 1958, the husband filed a motion requesting the court to relieve him from further payments on the insurance policies, alleging that such payments of premiums were, in effect, alimony, and that the remarriage of the wife should relieve him of any further liability for the payment of such premiums, under the provisions of C.R.S. '53, 46-1-5.

The trial court examined the property settlement agreement and made a finding that the policies were considered by the parties to be assets in the estate, their value, rights and privileges having been developed in the period of marriage, just as were other assets of the parties. He found further that the wife took $50,000.00 in cash at the time the agreement was signed and $50,000.00 by virtue of the alleged insurance policies. He further found that the insurance payments were not alimony but part of the division of property and refused to modify the decree.

It is the husband's contention that the life insurance premiums were, in every sense, alimony, and, therefore, were terminable upon the remarriage of the wife by reason of C.R.S. 1953, 46-1-5, which provides that alimony should cease upon the death or remarriage of the wife.

■ The law is well settled in Colorado that a property settlement made incident to a decree in divorce cannot be subsequently modified. *Zlaten v. Zlaten,* 117 Colo. 296, 186 P. (2d) 583. When parties adjust their property rights by agreement and this agreement is approved by the court and made a part of the final decree of divorce, the court has no jurisdiction to change the contractual rights of the parties.

■ The husband contends that periodic payments,

certain in amount but indefinite in time, must conclusively constitute alimony. It is true that alimony may consist of periodic payments, indefinite in time and certain in amount, but it is not necessarily true that all such payments in fixed amounts constitute alimony. An example of this proposition appears in *International Trust Company v. Liebhardt,* 111 Colo. 208, 139 P. (2d) 264, where an agreement to make monthly payments in the amount of $450.00 per month to the wife so long as she lived or so long as she remained unmarried were held not to be alimony.

Moreover, alimony is defined generally as payments necessary for food, clothing, habitation and other necessities for the support of the wife. 48 A.L.R. (2d) 272. It is obvious here that the insurance policies and the premiums necessary to maintain them in full force were not in any sense to provide for food, clothing, habitation or other necessities for support of the wife.

It is significant that the ownership of the policies and their entire value were transferred by the property agreement to the wife. Only the time of paying for the policies was deferred. There is actually no difference between the transfer of ownership of the policies and the agreement by the husband here to pay the premiums and the agreement to give the wife $50,000.00 at the time of the sale of the house by providing her, at his option, with the entire $50,000.00 or by paying her one-half in cash and one-half by a promissory note payable monthly on the unpaid balance over twenty years. Neither the provision for the payment of the $50,000.00 in installments nor the provision for the payment of the premiums by making annual payments contain any reference to termination by death or remarriage. We cannot supply the words "death or remarriage" where they were not set forth by the parties in their contract.

The husband cites *Maginnis v. Maginnis,* 323 Ill. 113, 153 N.E. 654, but the language in that case indicates that the decision is based on the proposition that the owner-

ship of the policy was never transferred and that it was retained by the divorced husband. Under those circumstances, the court found that the requirement to pay the premium was part of the provision for maintenance.

■ In the case before us, the ownership of the policy, which was listed as an asset by the husband, was transferred to the wife as a part of the property division agreement, just as certainly as the ownership of the $50,000.00 which was to come from the sale of the house. Under the circumstances, the trial court was correct in its finding that by the terms of the contract, the insurance policies and payments thereon were part of the property division and not alimony.

The husband also argues that under *McCoy v. McCoy*, 139 Colo. 105, 336 P. (2d) 302, property divisions cannot be ordered prior to the final decree of divorce and any attempt to do so renders the property division void. We would point out that *McCoy* holds only that a court may not decree a property division until a final decree has been entered where there is no contractual agreement between the parties; but *McCoy* did not and does not hold that the parties may not voluntarily enter into a property division agreement before the final decree and thereby create a binding contractual relationship.

The judgment is affirmed.

MR. JUSTICE MOORE, MR. JUSTICE KNAUSS and MR. JUSTICE DOYLE concur.