No. 19,850.

DONALD J. MCDONALD *v.* GOLDIE LUCILLE MCDONALD.
(374 P. [2d] 690)

Decided September 17, 1962.   Rehearing denied October 8, 1962.

Mr. JOHN J. GIBBONS, Mr. J. H. BOUTCHER, for plaintiff in error.

Messrs. DICKERSON, MORRISSEY & DWYER, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE PRINGLE.

THE plaintiff in error will be referred to as husband and the defendant in error as wife.

On May 28, 1957, the wife was granted an interlocutory decree of divorce. The trial court which granted the divorce specifically retained jurisdiction to deal with property division and alimony matters after the entry of the final decree of divorce.

Thereafter a final decree of divorce was entered and the matter came on for hearing as to property division, alimony, court costs and attorneys' fees. Following this hearing the trial court, on February 28, 1958, entered a judgment providing:

1. That the property owned by the parties in joint tenancy should remain in joint tenancy;

2. That the wife be given the "exclusive use, occupancy and income from the above property;"

3. That the court retain jurisdiction to the end that should the wife by reason of failing health be unable to make a livelihood, an award for her support and maintenance might be made by the court.

No writ of error was sued out upon this judgment and in due course it became final.

Thereafter the wife remarried and the husband filed a motion to determine the status of the parties and to equitably divide the property. It was the husband's contention that there had actually been no division of property since the property had been in joint tenancy before the decree in divorce. He further contended that the award to the wife of the use, occupancy and income from the property was not a division of property but in reality an award of alimony. The trial court held that the findings and decree of February 28, 1958, constituted a final judgment with relation to the real estate, and the

husband sued out this writ of error to review that determination and judgment of the trial court.

The law is now well settled in Colorado that a decree determining property rights in a divorce matter is final and cannot be subsequently modified by reason of a change of circumstances. *Zlaten v. Zlaten,* 117 Colo. 296, 186 P. (2d) 583; *Magarrell v. Magarrell,* 144 Colo. 228, 355 P. (2d) 946. The only question before us then is whether the decree of February 28, 1958, constituted a determination of the interests of the parties in the real estate in question here.

On February 28, 1958, at the hearing dealing with the property division, the trial court had the power to determine the rights of the parties in the real estate which they owned. This it proceeded to do. The judgment of the court that the title to the real estate should remain in joint tenancy was no less a determination of the interests which each party should have in the real estate than if the court had vested complete and sole title in one party or the other.

Nor did the award to the wife of the use, possession and income of the real estate constitute an award of alimony. The right to use and possession and the income of real property are but incidents of the ownership of that property, 42 Am. Jur., *Property,* Sec. 40. The award of those rights in the property to the wife was only another factor in the determination of the interests of the parties in the realty which they owned.

The 1958 decree ordering the title to the property to remain in joint tenancy and granting the rights of possession and income in the property to the wife may not have resulted in a wise or equitable distribution, but that judgment was not challenged and has long since become final. We cannot review it.

Paragraph 3 of the 1958 decree in which the court retained the jurisdiction to award such alimony as may be just upon a proper showing in no way alters the finality of the portion of the decree which determined the

rights and interests of the parties in the real estate. It had to do only with alimony and not with the division of property made in the preceding paragraphs of· the decree.

The judgment is affirmed.

Mr. Chief Justice Day and Mr. Justice Hall concur.