No. 21,003.

ANNE LEVINE *v.* SEYMOUR LEVINE.

(390 P. [2d] 77)

Decided March 9, 1964.

Mr. JAMES W. WILSON, Mr. PHILIP HORNBEIN, JR., for plaintiff in error.

No appearance for defendant in error.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

THIS writ of error is directed to an order of the district court increasing by $100.00 support payments for two minor children in supplemental proceedings four years after the entry of final decree of divorce. Plaintiff in error is the mother and was the petitioner in the trial court, seeking the additional payments on the ground of change of conditions.

Her reason for being in this court is that she is not satisfied with the additional amount granted her by the court. The father was paying $200.00 per month support payments. The court raised this to $300.00 per month, and in a supplemental order provided additionally that the defendant in error pay $125.00 down payment on orthodontia work for one of the children, and the balance as the work progresses until a total of $925.00 has been paid. She would have us reverse the judgment and remand the cause for further proceedings, contending that the award was not in accord with the evidence.

 In order for her to prevail here, the plaintiff in error must show that the trial court abused its discretion and that the order is manifestly against the weight of the evidence. *Huber v. Huber,* 143 Colo. 255, 353 P. (2d) 379. This she has failed to do.

The court found that the needs of the children had increased since the first order of support embodied in the final divorce decree, and that the father's income had also increased and that he was able to pay additional support. The findings were that the increased need of the two children was $100.00. This is supported by the evidence.

In making its findings the court said:

"1. The provisions of the decree of divorce herein concerning payments for child support by the defendant are no longer equitable because of the increased needs of the children and the increased income of the defendant.

"2. The monthly cost to the plaintiff for providing reasonable maintenance for the minor children of the

parties is $300.00, exclusive of the cost of housing and shelter.

[There was no paragraph 3 in the court's findings.]

"4. Under the provisions of the property settlement of the parties which was incorporated in the decree of divorce, the plaintiff agreed to be solely responsible for all liens, mortgages, deeds of trust, and other encumbrances or obligations, demands or causes of action concerning the family home of the parties, and to indemnify the defendant against any such debt or expense.

"5. By virtue of the aforesaid provisions of the property settlement agreement of the parties and the divorce decree herein, the items of expense incurred by the plaintiff in owning and maintaining the house and furnishings in which she and the children live may not be considered in determining the plaintiff's cost of maintaining the children or in determining the amount of payments to be made by the defendant for their support."

The mother argues that it was error for the court to exclude as a part of her cost in maintaining the children a proportionate share of her mortgage payments, depreciation, and furniture payments attributable to the necessity of providing the children with a roof over their heads, creature comforts in the home, and taking care of the wear and tear of the premises. The mother's argument is falacious. In a property settlement agreement, in which she obtained full equity in the house, the mother agreed:

" * * * to be solely responsible for any liens, mortgages, deeds of trust or other encumbrances or for any obligations, demands or causes of action which may be asserted with respect to said home or the obligations incurred in the purchase thereof. * * * [She] covenants that she will pay all such obligations and all mortgages on said home and will exonerate the husband from any such obligations and in the event he should be called

upon to make payment of any such obligations respecting the home or any obligation which he has heretofore incurred, secured by a mortgage on said home, that she will hold him harmless and protect him and indemnify him against any debts or expenses which may be asserted against him."

It was also provided in the agreement that:

"The Husband agrees to pay for the care, maintenance and support of both of the minor children of the Parties the sum of $200.00 per month which amount may be incorporated in any Court Decree subject however to later modification upon *changed conditions* which may affect the financial responsibility of the Husband or involve the needs of said children."

█ It was admitted at the hearing that the house payments and expenses of maintenance of the home have not increased since the first order. We must presume then that in agreeing on the $200.00 per month for child support embodied in the original decree the parties took into consideration the situation then existing. The court merely accepted the terms stipulated to by the parties and cannot change the terms of the contract. *Zlaten v. Zlaten,* 117 Colo. 296, 186 P. (2d) 583; *Magarrell v. Magarrell,* 144 Colo. 228, 355 P. (2d) 946. The only power in the court to change the original decree is upon the showing of change in condition. There was no change in this particular expense. The other changes occasioned by the advancing ages of the children after four years are amply covered by the $100.00 award. At the time of the entry of the decree the mother had approximately $100.00 expense for baby sitting because the children then were nine and six years of age. One of the children now being thirteen years of age has taken over some of the "sitting" duties for the younger child — now ten — and doesn't require a sitter to look after her. All this the mother admitted was a considerable savings. The trial court took all these factors into

consideration and did complete equity between the parties.

..The judgment is affirmed.

MR. JUSTICE MOORE and MR. JUSTICE PRINGLE not participating.