No. 22291.

DAVID FERGUSON *v.* CHARLES D. OLMSTED, EXECUTOR OF
ESTATE OF MARGUERITE M. FERGUSON, DECEASED.
(451 P.2d 746)

Decided March 17, 1969.

PHILIP A. ROUSE, RAYMOND J. TURNER, for plaintiff in error.

ZARLENGO, ZARLENGO, SEAVY & MULLIGAN, V. C. SEAVY, JR., for defendant in error.

*In Department.*

Opinion by MR. JUSTICE MOORE.*

WE will refer to the parties by name or as they appeared in the trial court where David Ferguson was plaintiff and Charles D. Olmstead as executor of the Estate of Marguerite M. Ferguson was defendant.

For a complete understanding of the controversy now presented for determination, we direct attention to the opinion of this court in *Olmstead v. District Court,* 157

*Retired District Judge sitting under assignment by the Chief Justice under provisions of Article VI, Section 5(3) of the constitution of Colorado.

Colo. 326, 403 P.2d 442. In that case this court held that Robert P. Fullerton, who purported to rule upon David Ferguson's Motion for Relief from Judgment or Order at a time when his term of office as a judge of the district court had expired, had no authority to hear and determine that motion and his ruling therefore was a nullity. Thereafter the motion of Ferguson was resubmitted to the district court and all the relief prayed for by Ferguson was denied.

In a divorce action filed by plaintiff against his wife Marguerite, a decree of divorce was entered in his favor on September 3, 1963. Matters pertaining to division of property, alimony and support money for children were reserved for further hearing. On April 16, 1964, the Honorable Robert P. Fullerton, then a judge of the district court, entered an order captioned "Property Settlement, Support, and Alimony Decree." This decree contained provisions for alimony, support money and payment of debts, which are not material at this time.

With respect to the matters now material, the April 16, 1964, decree provided that:

"4. The Plaintiff shall pay to the defendant the sum of forty-five thousand dollars ($45,000.00) within five months from the date of this Decree, as her full share of the property settlement ordered by this Court.

"5. The house which is presently in the name of the defendant shall be sold under the direction of the plaintiff, and the net proceeds divided equally between the parties. It is contemplated that approximately twenty thousand dollars ($20,000.00) will be received as net proceeds from the sale of this property, one-half to be the property of the plaintiff, and the other half to be the property of the defendant.

"6. The proceeds from the house sale awarded to the defendant, and the forty-five thousand dollars ordered to be paid to the defendant in No. 4 above, shall be placed in trust for the benefit of the defendant.

"Mr. Zarlengo and Mr. Seavy shall prepare a Trust in-

strument which shall have as its corpus this property. The Defendant shall be one of the Trustees, and the Co-Trustee shall be any one of the following banks of the Defendant's choosing: First National Bank of Denver, the Denver U. S. National Bank, the Colorado National Bank, or the Central Bank and Trust Company.

"The 'Defendant shall receive monthly income from the Trust as income accrues. The Corporate Trustee shall invest the corpus with the objective of high income yield rather than growth.

"The Co-Trustees, by joint agreement, shall have the power to invade the corpus for defendant's health, maintenance, and support.

"This Trust shall terminate upon the remarriage of the defendant, or in the event the Corporate Trustee believes defendant's best interests would be served by termination. Upon termination the corpus and undistributed income shall be delivered to the defendant. In the event of the defendant's death prior to termination, the corpus and undistributed income shall become a part of the defendant's estate."

This decree became final on April 16, 1964, and no appellate proceedings were ever directed thereto.

On September 5, 1964, the divorced wife died, and four days thereafter plaintiff filed the aforementioned Motion for Relief from Judgment or Order. He also filed a motion for new trial on the ground of newly discovered evidence, and a motion for custody of the two minor children originally awarded to Mrs. Ferguson. The motion for change of custody was granted on December 7, 1964.

The motion for relief from the judgment entered on division of property was based on the provisions of R.C.P. Colo. 60(b), which provides that the court may relieve a party from a final judgment for the reason, among others, that,

"* * * it is no longer equitable that the judgment should have prospective operation; or (5) any other reason justifying relief from the operation of the judgment."

The thrust of plaintiff's motion is that at the time it was filed,

"The trust ordered by the court had not been created; payment into the trust had not been made; sale of the house had not been accomplished; and the time for accomplishing such pursuant to the decree had not expired. These were the things still to be accomplished which were prospective in their application."

It is also argued that the trial court was without jurisdiction to order the plaintiff to maintain or replace insurance policies in which his children or his wife were named beneficiaries; and that the court acted without jurisdiction in ordering plaintiff to pay $45,000 for creation of a trust fund.

Prior to the date of the hearing on plaintiff's motion, briefs were filed and plaintiff's attorney asserted that the evidence which he intended to offer would show:

"1. The persons who are to be effected [sic] by any further order of Court are the plaintiff and his four minor children.

"2. The plaintiff's ability to continue his position as president of the Boulevard National Bank will be jeopardized if the original Order were enforced.

"3. The plaintiff's experience in banking and investments and his position as president of Boulevard National Bank and as father of the four minor children overwhelmingly qualify him to handle and invest his own money for the benefit of his own children as opposed to a great aunt who is a resident of California serving as trustee of a New Mexico trust derived from a New Mexico probate of the plaintiff's money originating in the trust created by this Court.

"4. The plaintiff's ability to maintain the children as well as to conduct his own affairs will be materially reduced not only by the payment required to create the trust but also by very severe tax liability which will result from the sale of capital assets to produce the funds necessary.

"5. The funds available through the plaintiff to support the minor children of the parties will be materially reduced, if the trust is continued, by the several administration fees to be charged in the deceased's estate and in the trust estate and by reason of income taxes on the plaintiff and inheritance taxes through the New Mexico Court.

"6. One of the essential reasons for creating the trust has been eliminated by the change of custody of two of the minor children to the plaintiff. The plaintiff now has custody of all four children. Their need for support and their education is now the highest it will be in view of the attendance in college of two to three children at one time. The trust provisions of the deceased defendant prohibit the use of plaintiff's funds for this purpose if such are carried out according to her Will."

At the hearing the trial court heard extended arguments of counsel, and at the conclusion thereof entered a written decree in which it was stated that the court, "DOTH ORDER, ADJUDGE AND DECREE that plaintiff's Motion for New Trial be and the same is hereby denied for the reason that the same, taken together with the affidavit in support thereof, is and would be upon proof of facts therein alleged, insufficient as a matter of law to afford relief thereunder to plaintiff; and the Court doth further

"ORDER, ADJUDGE AND DECREE that plaintiff's Motion for Relief from Judgment or Order be and the same is hereby denied for the reason that the same, taken together with the alleged facts set forth therein, the alleged facts in support thereof appearing by written statement in the record otherwise, and together with the oral statements given by plaintiff's counsel upon opportunity afforded him by the Court to state all facts which would be established in support of said motion, is and would be upon proof of said facts insufficient to afford relief to plaintiff under Rule 60(b), C.R.C.P. * * *"

## QUESTIONS TO BE DETERMINED

First. *Did the trial court act in excess of its jurisdiction in ordering the plaintiff to maintain life insurance policies for the benefit of the minor children, and for his divorced wife?*

■■ This question is answered in the affirmative. We direct attention to the fact that in the instant case there was no agreement between the parties concerning the settlement of property rights between them. No contractual rights were presented to the court for inclusion in the decree. In this connection *Menor v. Menor*, 154 Colo. 475, 391 P.2d 473, is applicable. From that opinion we quote:

"There is no authority in this jurisdiction under which a husband may be compelled to carry insurance on his life to the end that a divorced wife may from that source continue to receive alimony after the death of the husband. When a divorce is granted, the wife may be entitled to a share in the property of the husband and she may be entitled to receive alimony in accordance with her need and the husband's ability to pay. This obligation to pay alimony ends with death and a court has no power through the device of an insurance policy to require payments which could only be upheld as alimony to continue after death. This situation is clearly distinguishable from those cases in which the parties to a divorce action have settled their property rights by contract, the terms of which are incorporated in the decree."

■■ It is also clear that the trial court in the absence of agreement between the parties to the divorce action could not, over the objection of the wife, order that her share in the property division be impressed with a trust. *United States National Bank of Denver v. Bartges*, 120 Colo. 317, 210 P.2d 600. However, the plaintiff is in no position to complain about this provision. The person aggrieved by the order was Mrs. Ferguson. It was made perfectly clear that the corpus of the trust belonged to her as her share of the property division. The decree

provided that in the event of her death, "* * * the corpus and undistributed income shall become a part of defendant's estate."

Second. *Did the trial court err in refusing to reevaluate the final judgment under which Mrs. Ferguson was awarded $45,000 plus one-half the proceeds to be derived upon the sale of real estate?*

This question is answered in the negative. In *McDonald v. McDonald,* 150 Colo. 492, 374 P.2d 690, in a comparable situation this court stated, *inter alia:*

"The law is now well settled in Colorado that a decree determining property rights in a divorce matter is final and cannot be subsequently modified by reason of a change of circumstances. (Citing cases)."

The decree entered by the trial court on April 16, 1964 resulted in the creation of vested rights in Mrs. Ferguson. No writ of error was directed to that decree. In *McDonald v. McDonald, supra,* we find the following apt language:

"The 1958 decree ordering the title to the property to remain in joint tenancy and granting the rights of possession and income in the property to the wife may not have resulted in a wise or equitable distribution, but that judgment was not challenged and has long since become final. We cannot review it."

The judgment is reversed in so far as it purports to require the maintenance of insurance policies, and otherwise is affirmed.

MR. JUSTICE PRINGLE, MR. JUSTICE HODGES and MR. JUSTICE GROVES concur.