485 P.2d 919 (1971)
Edward S. WATSON, Plaintiff in Error,
v.
Nella D. WATSON, Defendant in Error.
No. 71-134, (Supreme Court No. 24253.)
Colorado Court of Appeals, Div. II.
May 25, 1971.
*920 James B. Radetsky, Tom W. Neal, Denver, for plaintiff in error.
Joseph G. Studholme, Denver, for defendant in error.
Selected for Official Publication.
DWYER, Judge.
This case was transferred from the Supreme Court pursuant to statute.
The parties in this case were married in 1946 and divorced by decree of the District Court on July 13, 1967. Prior to entry of the divorce decree, the parties entered into a property settlement agreement which was approved by the court and incorporated in the decree by reference.
On November 4, 1968, the husband filed a motion to set aside or modify the provisions of the decree relating to property settlement, alimony and child support. The court, after a full hearing, denied the motion; and the husband, appearing here as plaintiff in error, seeks reversal. We affirm.
The agreement provided for a division of the real and personal property of the parties, alimony for the wife, and support for two adopted children, ages 2 and 12. In addition, the property settlement agreement contained other provisions for the benefit of the children, including the requirement that the husband maintain certain insurance policies and set aside a portion of his bonuses in trust for the children.
The trial court found that the agreement was voluntarily entered into by the parties, that both were represented by counsel, and that there was no fraud in connection with the agreement. On the basis of this finding, the court correctly ruled that it could not modify the property settlement provisions in the decree. The applicable rule is stated in Magarrell v. Magarrell, 144 Colo. 228, 355 P.2d 946:
"The law is well settled in Colorado that a property settlement made incident to a decree in divorce cannot be subsequently modified. Zlaten v. Zlaten, 117 Colo. 296, 186 P.2d 583. When parties adjust their property rights by agreement and this agreement is approved by the court and made a part of the final decree of divorce, the court has no jurisdiction to change the contractual rights of the parties."
*921 The husband argues that the court should not have approved the settlement agreement because it was "inequitable" and "unconscionable." The agreement was voluntarily entered into by the husband and approved by his attorney. The husband consented to the entry of the decree, which approved and incorporated the agreement. No appeal was taken from the decree, and the husband cannot, by motion to modify, now attack the provisions of that decree.
The husband, relying on Laws v. Laws, 164 Colo. 80, 432 P.2d 632, contends that the court had no jurisdiction to enter the orders concerning the maintenance of insurance policies and the creation of a trust for the children. In Laws, the court reversed an order of the trial court requiring the husband to carry insurance policies on his own life in which the children were to be beneficiaries during their minority. In so ruling, the court relied upon the rationale of Menor v. Menor, 154 Colo. 475, 391 P.2d 473, which held that a trial court has no authority to compel a husband to carry insurance on his own life to the end that a divorced wife may from that continue to receive alimony after the death of the husband. Both the Laws case and the Menor case concerned the statutory power of the divorce court to enter orders concerning alimony and support money and, as the court observed in Menor, "This situation is clearly distinguishable from those cases in which the parties to a divorce action have settled their property rights by contract, the terms of which are incorporated in the decree."
The rules announced in Laws and in Menor are limitations on the power of the court in ordering alimony and support money and do not limit the rights of a husband and wife to contract with respect to insurance protection for the wife or the children as part of an agreement settling their property rights. The husband here contractually obligated himself to make certain provisions for the benefit of his children. He undertook this obligation in consideration of the provisions of the property settlement agreement which were for his benefit, and he cannot now complain that the court, in the absence of such agreement, would have been without power to order him to maintain the insurance policies or create the trust for the children.
The divorce decree, by incorporating the agreement of the parties, required the husband to pay the sum of $200 per month alimony and the sum of $125 per month for each of the two children until the further order of the court. The trial court found that the husband's evidence in support of his motion to modify these orders was insufficient to justify a change in the order. The husband argues that there has been a material change in the circumstances of the parties, in that he has remarried and is supporting his present wife and her child, and that his former wife has acquired a new business. He argues that the refusal of the court to modify its previous orders upon such showing was an abuse of discretion.
The wife, after the divorce, purchased a beauty shop. She made a small down payment and executed a promissory note for the balance. She was operating the business through a manager and she testified that the business was losing money. There was no showing that the needs of the wife or the needs of the children had changed.
The husband's annual salary of $18,000, as manager of a retail store, had not decreased since the entry of the decree. His voluntary assumption of obligations incident to his second marriage does not constitute such a change in circumstances as to require a modification of the original order, and the court did not abuse its discretion in denying his motion to modify.
Judgment affirmed.
SILVERSTEIN, C. J., and PIERCE, J., concur.