In re the MARRIAGE of Jack KOKTAVY, Appellant,

and

Louise Susanna Koktavy, Appellee.

No. 79CA0392.

Colorado Court of Appeals, Div. I.

May 22, 1980.

Hochstadt, Straw & Davis, P. C., George M. Straw, Denver, for appellant.

Larry D. Tannenbaum, Denver, for appellee.

SMITH, Judge.

In this marriage dissolution proceeding, husband appeals from an order dividing the marital property and requiring him to carry life insurance naming his former wife as beneficiary. We affirm.

**I.**

Our examination of the record leads to the conclusion that there is no merit to husband's assertion that the trial court erred in its division of marital property. The division of marital property is a matter within the sound discretion of the trial court, and where, as here, there has been no abuse of discretion in making the division, it will not be set aside. *Moss v. Moss*, 190 Colo. 491, 549 P.2d 404 (1973).

**II.**

Husband further asserts that the trial court erred in ordering him to continue to carry life insurance naming his former wife as beneficiary. We disagree.

Under prior law, an order requiring husband to carry life insurance as a means of continuing alimony after his death was not permitted. *Ferguson v. Olmsted*, 168 Colo. 374, 451 P.2d 746 (1969). However, § 14–10–122(2), C.R.S.1973, provides: "Unless otherwise agreed in writing or expressly provided in the decree, the obligation to pay future maintenance is terminated upon death of either party . . . ." The Supreme Court in *Icke v. Icke*, 189 Colo. 319, 540 P.2d 1076 (1975), held that § 14–10–122(3), C.R.S.1973, permits a court to order a party to carry life insurance naming the parties' minor children as beneficiaries. In that case, the court noted that the Uniform Dissolution of Marriage Act, § 14–10–101, et seq., C.R.S.1973, had changed prior law.

A similar situation is presented here. We conclude that § 14–10–122(2), C.R.S.1973, has also changed the prior law. Now, the statute as written contemplates the power of the court to provide that maintenance shall continue beyond the death of the party obligated to pay maintenance. As explained in 9A *Uniform Laws Annot., Marriage & Divorce Act* (Commissioners' note), this section of the statute:

"authorizes the parties to agree in writing or the court to provide in the decree that maintenance will continue beyond the death of the obligor or the remarriage of the obligee. In the absence of such an agreement or provision in the decree, this section sets the termination date for the obligation to pay future maintenance."

Here, the use of life insurance as a maintenance device is particularly compelling. Husband was in very poor health, suffering from diabetes and high blood pressure. He had heart damage and had previously suffered a stroke. Furthermore, because of his poor health, husband was under doctor's orders to work in a low pressure occupation.

Accordingly, the trial court did not err in ordering husband to carry life insurance in favor of his former wife.

The order is affirmed.

COYTE and KELLY, JJ., concur.