**O. Wesley BOX, d/b/a Le Mouton Business Park, Plaintiff-Appellee,**

**v.**

**Jerry L. WICKHAM, d/b/a Corporate Resources Management, Inc., Defendant-Appellant.**

**No. 84CA0531.**

Colorado Court of Appeals, Div. III.

Dec. 5, 1985.

Carpenter & Klatskin, P.C., Frederick B. Skillern, Janell Kinzie, Denver, for plaintiff-appellee.

Brightwell, Reeves, Alderfer & Pech, R. Brent Alderfer, Denver, for defendant-appellant.

VAN CISE, Judge.

Defendant, Jerry L. Wickham (tenant), appeals the denial of his motion for relief from judgment entered against him and in favor of plaintiff, O. Wesley Box, d/b/a Le Mouton Business Park (landlord). We affirm.

■ On March 18, 1983, landlord served tenant with a demand for payment of rent or possession, setting out that tenant owed the March rent ($2,000), plus late charges ($60 per day), certain common area expenses, and an unpaid natural gas bill of $10,283.60. On March 29, landlord commenced this action for recovery of possession of the premises and for judgment for the amounts owed for basic and additional rent (which included the $10,283.60 gas bill), late charges, attorney fees, and other relief. Tenant filed an answer, denying all material allegations.

However, despite having received written notice of the time and place of trial, tenant failed to appear. Based on landlord's affidavits, judgment was entered for the relief requested, including the amount of the gas bill. Tenant later executed a stipulation to make periodic payments on the judgment.

Then, on the last day of the sixth month after entry of judgment, tenant filed his motion for relief from judgment on grounds of fraud by landlord and mistake by tenant as to the amount of the gas bill, which he claimed constituted "grounds for, and call for, this judgment to be set aside under Rule 60 of the Colorado Rules of Civil Procedure." No other legal authority was incorporated into the motion or set forth in a separate memorandum brief.

C.R.C.P. 121 § 1–15 states, in pertinent part: "[A]ny motion involving a contested issue of law shall be supported by a recitation of legal authority either incorporated into the motion or set forth in a separate memorandum brief," and further provides that if a party fails to follow the rule, "the court ... may enter an order denying the motion."

Tenant claims that citing C.R.C.P. 60 as he did, without more, is sufficient recitation of legal authority. On the facts of this case, we disagree.

The record before the court at the time the judgment was entered showed that tenant was fully informed concerning the claimed amount of the gas bill both in the demand for payment of rent served on him prior to the commencement of the action and in the complaint served on him thereafter. He could have litigated the issue at trial, but, instead, he failed to appear. Absent recitation of legal authorities to support a determination that under the circumstances of this case there was fraud or mistake justifying relief from judgment, the court properly considered the motion abandoned. Mere reference to a procedural rule was insufficient "legal authority."

■ Landlord asks for reasonable attorney fees incurred in the defense of this appeal. The lease provides for these, and, on remand, the trial court shall determine a reasonable fee for landlord's attorneys on the appeal and shall enter an appropriate judgment therefor.

The order is affirmed, and the cause is remanded for further proceedings consistent with this opinion.

TURSI and METZGER, JJ., concur.