24CA0344 Marriage of MacLaird 12-12-2024

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA0344
El Paso County District Court No. 22DR31669
Honorable Frances R. Johnson, Judge

In re the Marriage of

Matthew L. MacLaird,

Appellee,

and

Emma L. MacLaird,

Appellant.

APPEAL DISMISSED IN PART
AND ORDER AFFIRMED

Division III
Opinion by JUDGE DUNN
Gomez and Bernard*, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced December 12, 2024

No Appearance for Appellee

Emma L. MacLaird, Pro Se

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2024.

¶ 1     In this domestic case involving Emma L. MacLaird (wife) and Matthew L. MacLaird (husband), wife appeals the district court's permanent orders, several post-decree orders, and an order denying her "Petition to Modify Original Order" (petition to modify the decree).  We affirm the order denying wife's petition to modify the decree and dismiss the rest of the appeal for lack of jurisdiction.

## I.     Background and Procedural History

¶ 2     In June 2023, the district court entered a decree dissolving the parties' marriage.

¶ 3     In the permanent orders, the district court awarded wife the marital residence, including all associated expenses and the existing mortgage.  But the court also required that within ninety days, wife had to either assume the mortgage or refinance it to remove husband's name.  If she could not meet either condition, the residence had to be listed for sale.  Husband had the final say over selecting a realtor, provided that his choice was "not closely affiliated" with him.  Once the residence was sold, husband would receive his premarital contribution to the down payment and, after deducting any sale costs, the remaining proceeds would be split evenly.

¶ 4     Because wife did not assume or refinance the mortgage within ninety days, the marital residence was listed for sale. Though the parties agreed on a realtor, wife refused to sign the listing agreement.

¶ 5     In October 2023, the district court issued an order authorizing the clerk of the court to sign on wife's behalf any documents related to the sale of the marital residence. The court also required wife to give the realtor, husband, and his agents reasonable access to the residence to photograph, inspect, and show it.

¶ 6     Later that month, husband alerted the court that wife was frustrating the sale of the marital residence by, among other things, denying the real estate photographer access, alleging that the realtor was closely affiliated with him, and insisting on a new realtor.

¶ 7     In November 2023, the district court ordered wife to vacate the marital residence within thirty days.

¶ 8     In February 2024, wife filed a petition to modify the decree, arguing that:

- under the permanent orders, she continued to pay the utilities on the marital residence because the "expenses [had] yet to be defined";

- the permanent orders did not provide sufficient time for her to assume the mortgage;

- husband's failure to communicate and cooperate regarding the sale of the marital residence caused her "homelessness, legal bills, and uncertain budgets due to undefined expenses";

- husband disregarded the permanent orders by selecting an "affiliated" realtor, which hindered a "safe" sale of the residence and disallowed a seller's fee;

- husband's failure to provide defined expenses caused her "eviction" from the residence and her financial uncertainty;

- by authorizing the clerk of the court to sign documents on her behalf, the court enabled husband to sell the residence in secret, depriving her of information needed to budget and plan her life;

- husband's attorney engaged in unethical behavior, costing her legal fees;

3

- husband's actions throughout the sale process were "unethical," "abusive," and "criminal," while she was "ignored consistently" despite abiding by the law and the court's orders; and

- husband "stole" $30,000 in June 2022 and potentially avoided paying capital gains taxes as evidenced by "extravagant billing" designed "to create time and drama."

¶ 9    In February 2024, the district court denied wife's petition to modify the decree because it "[did] not cite any legal authority to support any portion of [the] motion."

¶ 10    Wife then filed another petition, this time with legal authority and analysis.  The court did not rule on it.

¶ 11    Wife timely appealed the order denying her petition to modify the decree.

## II.    The Order Denying the Petition to Modify the Decree

¶ 12    Wife contends that the district court erred by denying her petition to modify the decree because the petition did not include any supporting legal authority.  We disagree.

¶ 13    The district court may deny a motion if the moving party fails to cite any supporting legal authority.  C.R.C.P. 121, § 1-15(3); *see*

*also Box v. Wickham*, 713 P.2d 415, 416 (Colo. App. 1985) ("[m]ere reference to a procedural rule was insufficient 'legal authority'" to support motion for relief from judgment; district court correctly denied the motion). The rule applies equally to all parties, represented or not. *See In re Marriage of Wright*, 2020 COA 11, ¶ 33 (pro se litigants are required to follow the same procedural rules as lawyers and must accept the consequences of mistakes and errors).

¶ 14    While we recognize wife is self-represented and sympathize with the many challenges that presents, her petition to modify the decree had no legal citations or analysis. Thus, the district court didn't err by denying it for lack of legal support. *See* C.R.C.P. 121, § 1-15(3); *see also In re Marriage of Snyder*, 701 P.2d 153, 155 (Colo. App. 1985) (district court did not err by denying the husband's C.R.C.P. 60(b) motion because he cited no legal authority).

¶ 15    In any event, modifying the property division requires the movant to assert, and the court to find, conditions that justify reopening a judgment under C.R.C.P. 59 or C.R.C.P. 60. *See* § 14-10-122(1)(a), C.R.S. 2024; *see also In re Marriage of McKendry*, 735 P.2d 908, 909 (Colo. App. 1986). And even if we assume wife's

5

petition to modify the decree was brought under either Rule 59 or Rule 60, the court still properly denied it. That's because it was untimely under Rule 59, *see* C.R.C.P. 59(a), and didn't allege any sufficient grounds under Rule 60 justifying relief from the permanent orders, *see* C.R.C.P. 60(b). And to the extent wife alleged a post-decree change of circumstances, "a decree determining property rights in a divorce matter is final and cannot be subsequently modified by reason of a change of circumstances." *McDonald v. McDonald*, 374 P.2d 690, 690-91 (Colo. 1962).

¶ 16    For these reasons, we disagree that the court erred by denying the petition to modify the decree.

### III.    Challenges to Other Orders

¶ 17    As best we understand it, wife also challenges several other orders and rulings that we lack jurisdiction to review.

¶ 18    Wife challenges portions of the June 2023 permanent orders. But the deadline to appeal the permanent orders was forty-nine days from the date of entry. *See* C.A.R. 4(a)(1). Because wife did not timely appeal the permanent orders, we must dismiss this part of the appeal. *See In re Marriage of Roddy*, 2014 COA 96, ¶ 12

6

(appellate court lacks jurisdiction to review issues resolved in orders not appealed).

¶ 19    For the same reason — because they are untimely — we lack jurisdiction to review wife's challenges to the October 2023 order authorizing the clerk of the court to sign documents on her behalf for the sale of the marital residence and the November 2023 order requiring her to vacate the residence. We therefore dismiss the portions of the appeal challenging these orders. *See* C.A.R. 4(a)(1); *Roddy*, ¶ 12.

¶ 20    To the extent wife contends that the district court erred by not ruling on her second petition to modify the decree, there's no order for us to review; thus, we must dismiss this portion of the appeal for lack of a final order. *See In re Marriage of Evans*, 2021 COA 141, ¶ 11; *see also State ex rel. Suthers v. CB Servs. Corp.*, 252 P.3d 7, 10 (Colo. App. 2010) ("The final judgment requirement is jurisdictional. Without a final judgment, we must dismiss the appeal."); *In re Marriage of West*, 94 P.3d 1248, 1250 (Colo. App. 2004) (an order is not final and reviewable "until it has been reduced to writing, dated, and signed"); C.A.R. 1(a)(1); § 13-4-102(1), C.R.S. 2024.

¶ 21    And, finally, insofar as wife appeals orders entered after she filed her notice of appeal, we again lack jurisdiction to review those orders.  That's because wife didn't file separate notices of appeal as to those orders or amend the existing notice of appeal to include them.  *See Amada Fam. Ltd. P'ship v. Pomeroy*, 2021 COA 73, ¶¶ 74-75 (appellate court lacked jurisdiction to review order because it was not appealed and the existing notice of appeal was not amended); *see also In re Estate of Anderson*, 727 P.2d 867, 869-70 (Colo. App. 1986) (notice of appeal not effective to initiate appeal of order entered after notice of appeal).

## IV.    Disposition

¶ 22    We dismiss the portions of the appeal relating to the 2023 orders and any post-decree orders that either were not appealed or were entered after the notice of appeal.  We affirm the district court's order denying wife's petition to modify the decree.

JUDGE GOMEZ and JUDGE BERNARD concur.